TILLMAN PEARSON, Judge.
The appellant suffered an order entering final judgment against it upon the ground that it had failed to comply with the trial court’s order to produce documents pursuant to defendant’s motion to produce under Florida Rule of Civil Procedure 1.28, 30 F.S.A. The order dismissing appellant’s action was entered pursuant to Florida Rule of Civil Procedure 1.31(b) (2). This *579 last mentioned rule provides in part as follows:
“(2) OTHER CONSEQUENCES.
If any party or an officer or managing agent of a party refuses to obey * * * an order made under Rule 1.28 to produce any document or other thing for inspection, copying, or photographing or to permit it to be done * * * the court may make such orders in regard to the refusal as are just, and among others the following:
* * * ‡ ❖ *
“(ii) An order denying the disobedient party the privilege of supporting designated claims or prohibiting him from introducing in evidence designated documents or things or items of testimony * * *.
“(iii) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof or rendering a judgment by default against the disobedient party;” [Emphasis supplied.]
The trial judge did not find nor does the record conclusively reveal that the plaintiff’s failure to comply with the court’s order on motion to produce was a refusal to obey. The record is susceptible of the reasonable interpretation that the failure to produce the documents was occasioned by events beyond the control of the plaintiff, appellant. The plaintiff did produce some of the documents requested and made an offer to produce any documents that could be located. The document that was not produced goes solely to the issue of damages and not to the existence of the cause of action. Rule 1.31, Florida Rules of Civil Procedure, provides several other methods of imposing sanctions upon a party who fails to produce. Under these circumstances, we find the act of the lower court was an abuse of discretion. We do not mean to imply, however, that sanctions ought not be imposed in this case nor do we preclude a finding by the trial judge that the failure was in fact a refusal. We think however, that the rules will be read to produce a greater opportunity for justice if the order appealed is reversed and the cause remanded for such further proceedings as the trial judge shall determine are proper in accordance with the views expressed in this opinion.
Reversed and remanded.