242 So.2d 751 (1970)
Patricia Warren SWINDLE, Appellant,
v.
David L. REID, As Tax Assessor of Palm Beach County, Florida, C.E. McGehee, As Tax Collector of Palm Beach County, Florida, and Fred O. Dickinson, Jr., As Comptroller of the State of Florida, Appellees.
No. 69-234.
District Court of Appeal of Florida, Fourth District.
October 23, 1970.
Rehearing Denied January 27, 1971.
*752 B.E. Hendricks, of Hendricks & Hendricks, and R.D. Maxwell, Jr., and H. Barrow Cagle, Miami, Caldwell, Pacetti, Barrow & Salisbury, Palm Beach, for appellant.
John R. Beranek, of Jones, Adams, Paine & Foster, West Palm Beach, for appellee David L. Reid.
OWEN, Judge.
This appeal is from an order dismissing appellant's complaint with prejudice for failure to comply with an order to produce certain documents.
The plaintiff sought to enjoin the assessment and collection of certain intangible personal property taxes which the tax assessor of Palm Beach County had assessed against her based upon the corpus of the Patricia Warren Swindle Trust A. Although plaintiff resided in Palm Beach County, and was the grantor and principal lifetime beneficiary of the trust, she contended that the corpus of the trust was located in Oklahoma and had no taxable situs within the State of Florida. Defendant tax assessor initiated extensive discovery procedures, including a motion to produce certain documents.[1] This motion was granted and plaintiff was ordered to produce the same.
The plaintiff did produce certain of the documents but failed to produce others. She filed with the court a sworn statement to the effect that she did not have custody or control of the documents which she had failed to produce and that the trustees who did have the custody of such documents had refused to deliver copies to the plaintiff. The defendants at that time sought to have the complaint dismissed for plaintiff's failure to comply with the order, but the court allowed plaintiff an extension of time within which to produce the remaining documents. *753 The oral deposition of the trustees was then taken in the State of Oklahoma in which the trustees corroborated plaintiff's sworn statement to the effect that the trustees had the custody and control of the documents which plaintiff had failed to produce and that the plaintiff's request for delivery of copies had been refused by the trustees. The plaintiff filed the deposition of the trustees as proof of her inability to comply with that portion of the order which pertained to documents not within her custody or control. The defendants again moved for an order of involuntary dismissal under Rule 1.380 R.C.P., 30 F.S.A., which order was subsequently entered and is the order here appealed.
The trial court clearly has the authority under Rule 1.380 R.C.P. to dismiss a complaint as a sanction against the plaintiff for a failure to make discovery, and the dismissal may be with prejudice where the plaintiff refuses to obey an order of court. Rashard v. Cappiali, Fla.App. 1965, 171 So.2d 581. However, dismissal of an action with prejudice is a drastic punishment and should not be invoked except in those cases where the conduct of the party shows a deliberate and contumacious disregard of the court's authority. State v. Fattorusso, Fla.App. 1969, 228 So.2d 630.
We deem it important to note that the order of dismissal in this case did not contain any finding by the trial court that the plaintiff's failure to fully comply with the order to produce was due to a refusal to do so. Instead, the court merely found that the plaintiff had shown an insufficient excuse for her failure to comply, a distinction which we feel to be significant. The record before us is certainly susceptible of the reasonable interpretation that plaintiff's failure to produce the documents was occasioned by events beyond her control. Since the trial court did not expressly find, and the record does not conclusively reveal, that the plaintiff's failure to produce was a refusal to obey, we hold that the court abused its discretion in dismissing the complaint with prejudice. Cf. Metro Sporting Goods, Inc. v. Mutual Employees Trademart, Inc., Fla.App. 1964, 176 So.2d 578.
Our decision to reverse the order appealed does not preclude a finding by the trial court upon remand that the appellant's failure to produce was in fact a refusal. We merely hold that in the absence of either an expressed finding to that effect or the record conclusively revealing that there was a refusal to obey the order, it was an abuse of discretion to dismiss the complaint with prejudice for the plaintiff's failure to comply with the order. The order appealed is reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
REED, J., concurs.
McCAIN, J., dissents, with opinion.
McCAIN, Judge (dissenting).
I would affirm the trial court's dismissal of appellant's complaint with prejudice for the following reasons.
Not only has appellant sought to enjoin the assessment and collection of certain intangible personal property taxes against a trust upon the assertion of lack of a taxable situs within the State of Florida, as stated by the majority, but my review of the entire complaint, particularly paragraphs XVI, XIX and XXXI, confirms that appellant also seeks to invalidate and nullify the assessments as being confiscatory and arbitrary.
The majority turns their opinion on the following essentials: (1) appellant is beneficiary of a trust, (2) pursuant to certain discovery processes she was ordered to produce certain documents, (3) those which she did not produce were not in her possession and that the trustees of the trust, *754 who had custody of the documents, refused to deliver them. Under ordinary conditions I might agree, however, this is not an ordinary case.
The trust estate was valued at $6,000,000.00. There is no doubt but that the documents in contention are material to the issues of both situs and value, i.e., statements showing how the trust estate is invested and transactions related thereto, and inventories of intangible assets comprising the corpus. One of the two co-trustees in the State of Oklahoma, both of whom refused to deliver the required documents to appellant, is appellant's brother. These co-trustees also refused to testify concerning market value of the trust corpus, how or where invested or any transactions related thereto. Of particular import is that the trust instrument provided:
"The Trustee shall keep books of account showing all transactions relating to the Trust estate, and shall also in each year furnish to each beneficiary currently receiving distributions hereunder, or to his or her guardian if a guardian has been appointed, a statement showing how the Trust estate is invested and all transactions relating thereto subsequent to the last preceding account rendered; provided, however, that any beneficiary named herein shall be entitled once a year to procure or make an independent audit at his or her own expense."
Upon being ordered to produce certain documents including those in question appellant perfected an interlocutory appeal to this court which was affirmed in Swindle v. Maxwell, Fla.App. 1968, 213 So.2d 602. Thereafter, in respect to the documents in contention, appellant chose not to enforce or even attempt to enforce her clear rights under the trust to obtain them. She contented herself to rest in the shade of brother's and co-trustee's adamant refusal to account.
Therefore, could not the trial judge in determining that appellant had shown an insufficient excuse for failure to comply with his order have equated this with or construed it to be tantamount to a refusal to do so. As the entire record reveals the facts of this case to be, I believe so. The majority concludes, but I cannot agree, that we can interpret appellant's failure to comply to events beyond her control.
Rashard v. Cappiali, Fla.App. 1965, 171 So.2d 581, in referring to a dismissal for violation of a court order, stated:
"* * * [I]t is important that * * * the party moved against knows at the time of the order that there has been judicial determination of the requirement he must observe."
The record sub judice is replete with appellant's knowledge of the order and of the possible consequences following noncompliance.
For these reasons I would affirm.
NOTES
[1] The motion to produce, four and one-half pages double spaced, called for copies of statements, accounting or returns for each of the years 1959 through 1966 on each of the following: all transactions of the trust estate; all federal income tax returns filed by appellant either individually or in a fiduciary capacity; all federal gift tax returns in which appellant appeared either as donor or as donee; all Oklahoma state income tax returns filed by the trustees of the trust; all intangible personal property tax returns filed by the trustees annually with Tulsa County Oklahoma; all receipts from the county treasurer of Tulsa County, Oklahoma for payment of such intangible personal property tax returns; all 1041 forms filed by the trustees of the trust; all written amendments to the trust agreement; all written trust indentures which were in force at any time during the seven-year period, to which the appellant was a party either as settlor, trustee or beneficiary; complete inventories of all intangible assets comprising the corpus of the trust as it existed on the first day of each year during the seven-year period; complete inventories of the intangible corpus of all trusts to which appellant was a party either as settlor, trustee or beneficiary at any time during the years 1959 through 1967, inclusive; all bank statements, bank books, pass books, etc., evidencing deposits or withdrawals from any bank or financial institution of appellant's personal funds during the same seven-year period; all stock brokerage receipts and accounting rendered to appellant at any time during the seven-year period; all stock certificates, bonds, and other written instruments evidencing ownership by appellant of intangibles held by her either individually or in a representative capacity or jointly with any person; and finally, copies of financial statements of the Warren American Oil Company for each of the years 1959 through 1966, inclusive.