**Application of SHOEMAKER, et al.**
Docket No. 72503-LCCT. Order No. 10659.
Florida Public Service Commission.
April 25, 1973.

John P. Bond, Coral Gables, for the applicant.

Felix A. Johnston, Tallahassee, for Diamond Sand & Stone Co., Overland Hauling, Inc., Keystone Trucking Co., Silver Sand Co. of Leesburg, Inc., Scarlett Trucking Service, Inc., J. G. Weeks & Sons, Inc., Delbert Crumm & Son Trucking, C & A Trucking, Inc., Van's Trucking Service, Inc., and General Trucking, Inc., protestants.

Chairman WILLIAM H. BEVIS and Commissioner WILLIAM T. MAYO participated in the disposition of this matter.

Pursuant to notice, the commission by its duly designated hearing examiner, K. N. Ayers, held a public hearing on the above matter in West Palm Beach on November 9, 1972.

BY THE COMMISSION.

*Order granting transfer of certificate:* By this joint application, J. T. Shoemaker and Siboney Trucking Company seek authority to transfer Certificate No. 840 from the former to the latter. Said certificate authorizes common carriage of road aggregates statewide. The sole issues are dormancy and whether the transfer is contrary to the public interest.

J. T. Shoemaker has been conducting his one truck operation continuosly since he obtained his certificate under grandfather rights in 1965. He presented oral evidence of daily operations hauling road aggregates since 1953 and documentary evidence of road aggregates transported throughout the year 1972. Evidence of compliance with other legal requirements was presented.

Siboney Trucking Company plans to commence operations with five trucks when the transfer is approved. Siboney is currently authorized to transport bagasse for the Quaker Oats Company pursuant to Commission Order No. 10435 dated December 20, 1972, under Certificate No. 1118. No evidence was offered to show the transfer to Siboney Trucking Company would be contrary to the public interest. Protestants presented no evidence and their request that official notice be taken of their authority to haul road aggregates statewide was granted.

Official notice is taken that Siboney Trucking Company is authorized to transport bagasse under contract with the Quaker Oats Company. Upon granting of the application herein, Siboney will hold common motor carrier authority to haul road aggregates and contract motor carrier authority to haul bagasse. However, by Order No. 9131, this commission has held, as a matter of law, that unless there is duplication of authority to carry the same commodities in the same territory, no question of multiple authority is involved.

The protestants moved to dismiss the application at the hearing on the ground that the joint applicants had failed to introduce into evidence a financial statement, the consideration, method of payment, date of such assignment, date transferred, desires to be consummated, certificate of authority, and so on. (Tr. 34, 35, 36) Said motion was referred to the commission pursuant to Rule 25-2.61, F. A. C. The joint applicants have submitted an application containing a financial statement of the transferee, specifying the consideration, and meeting all the other requirements of §323.041, Florida Statutes, to the satisfaction of this commission. Under §120.24, Florida Statutes, all pleadings, briefs and requests filed in a commission proceeding constitute a part of the record. Therefore, said motion to dismiss is groundless and must be denied.

The protestants filed written interrogatories on the applicants on October 4, 1972. Under Rule of Civil Procedure 1.340 in effect at that time, the applicants had 20 days in which to answer the interrogatories or up to and including October 24, 1972. The hearing in this matter was scheduled for and was held on November 9, 1972. The protestants, therefore, had 16 days in which they could have but did not apply to the commission for an order compelling answers to the interrogatories as was then provided under Rule of Civil Procedure 1.380. The protestants did not raise the issue of the unanswered interrogatories at the opening of the hearing, but waited until after the direct and cross examination of the joint applicants' first witness. At that point the attorney for the protestants, Mr. Johnston, stated the following —

> "Well, Mr. Examiner, I said I had no objections but I just recall that after we had the first witness on the stand we sent out interrogatories on this matter on October the fourth, and we haven't been supplied with those interrogatories. I think by the rules of civil procedure this entire application would be subject to a motion to dismiss for failure to comply with the rules." (Tr. 20, 21)

After a verbal exchange between Mr. Johnston and Mr. Bond, attorney for the applicants, the hearing examiner stated as follows —

> "Well, I'm interested in this myself. We are supposed to be following the Florida rules of civil procedure and the Florida rules of civil procedure require that interrogatories be answered. I don't know of any exception to that rule which says that you can just ignore interrogatories with complete impunity. However, at this particular time I'm not going to [grant a continuance of] this hearing until and unless, information is produced by the protestant [that] because of the failure to answer the interrogatories,

he has been hindered in the preparation of his protest. If you can show that he has been injured in any way in the preparation of his protest then his motion for a continuance until such time as the interrogatories have been filed will be considered." (Tr. 21, 22)

The hearing examiner then asked whether there were any questions the protestants would like the witness to answer with respect to the interrogatories. Mr. Johnston replied —

"Well, I would have to study and check off the questions that have been answered and at that time I would ask that he (the witness) be required to remain at the hearing." (Tr. 22)

After direct and cross-examination of the applicants' second witness, the protestants again raised the question of unanswered interrogatories, claiming that finding out the answers for the first time at the hearing didn't give them "a chance to go out and double check to ascertain whether it's a half truth or a whole truth or no truth," which placed them "in an extraordinarily difficult situation." The protestants offered no explanation as to why they did not ask the commission to compel answers to the interrogatories before the hearing.

The only specific example the protestants give as to how they have been harmed in the preparation of their case is that the transferor may have conducted all of his operations for a particular shipper, Hard Rives, within the municipally exempt zone of Delray Beach. (Tr. 35) The protestants seem to be implying that if the transferor had answered question 14 of the interrogatories it could be shown that either the certificate is dormant or that the transfer of same would be contrary to the public interest. Mr. Shoemaker, the transferor, testified that he had transported rock for Hard Rives from Deerfield Rock to Delray Dunes, a distance of about 18 miles (Tr. 17), and the evidence submitted shows that Mr. Shoemaker provided transportation services for other shippers outside of Delray Beach during 1972. Moreover, question 14 asks — "If any moves have been made by transferor in the territory sought to be transferred, state the name of the consignor, the consignee, the amount shipped, and the date these shipments were made." If the protestants had requested the commission to compel an answer to this question, said request would most likely have been refused in order to protect the transferor from annoyance, expense and oppression. This kind of information should properly have been sought pursuant to a motion to require the transferor to produce and permit reproduction of his business records under Rule 25-2.103, F. A. C. In view of the fact that the interrogatories were substantially answered by the testimony of the witness, and con-

sidering that the protestants refused the offer of the hearing examiner to compel answers at the hearing, and in the absence of any showing that the protestants have been prejudiced in the preparation of their case, we believe that the hearing examiner acted properly in denying the protestants' motion for a continuance.

On December 29, 1972, the protestants filed a motion to compel answers to interrogatories. The propounding of interrogatories is a *pre-hearing* discovery device. The Florida courts have favored the use of discovery because it brings into the open, before hearing, all the contentions of either side, thereby making the hearing itself a full and fair inquiry instead of a series of tactical maneuvers. The protestants herein had ample opportunity before and during the hearing herein to ask this commission to compel answers to interrogatories. They failed to do so, and they offer no explanation as to why it has now become important that the interrogatories be answered. After carefully considering the entire record herein, we conclude that compelling answers to interrogatories at this point would serve only to delay the proceeding and work an injustice on the joint applicants. The motion will be denied.

The protestants filed a motion to dismiss the application in this docket on December 29, 1972, on the grounds that (1) the joint applicants have failed to answer interrogatories, and (2) the joint applicants have failed to introduce into evidence the financial statement of the transferee. This motion will be denied for the reasons previously explained in this order. Furthermore, dismissal of a proceeding for failure to answer interrogatories is drastic punishment and will not be invoked except in those cases where conduct of a party shows deliberate and contumacious disregard of the commission's authority. Swindle v. Reid, 242 So.2d 751 (Fla. 1970).

After considering the entire record herein, including the application, the testimony adduced at the public hearing and the exceptions to the examiner's recommendation, the commission concludes that Certificate No. 840 is not dormant and that the transfer thereof to Siboney Trucking Company is not contrary to the public interest.

It is therefore ordered that the joint application for approval of the sale and transfer of Certificate of Public Convenience and Necessity No. 840 from J. T. Shoemaker, 3480 North Old Dixie Highway, Delray Beach, Florida 33444, transferor, to Siboney Trucking Company, U. S. Highway 27 at N. W. 1st Street, South Bay, Florida 33493, transferee, which certificate authorizes the transportation of road building and construction aggregates between all points and places in the state of Florida as a limited common carrier, be and the same is hereby granted.

It is further ordered that the ore tenus motion and the written motion to dismiss the application and the written motion to compel answers to interrogatories, all filed on behalf of the protestants herein, be and the same are hereby denied.

It is further ordered that Certificate of Public Convenience and Necessity No. 840 heretofore issued to J. T. Shoemaker, be and the same is hereby cancelled and that said certificate be reissued to Siboney Trucking Company, U. S. Highway 27 at N. W. 1st Street, South Bay, Florida 33493, with no change in authority.

It is further ordered that as a condition precedent hereto, the transferee must comply with all commission rules pertaining to common carriers of road aggregates within 60 days of the date hereof or else this order shall be null and thereupon automatically rescinded.

It is further ordered that upon full compliance with the foregoing and pursuant to the provisions of §323.041 (2), Florida Statutes, there shall be refunded to the applicants the sum of $300 from the filing fee of $500 which accompanied the application herein.

By order of Chairman WILLIAM H. BEVIS, Commissioner WILLIAM T. MAYO and Commissioner PAULA F. HAWKINS, as and constituting the Florida Public Service Commission, this 25th day of April 1973.

William B. De Milly
Administrative Secretary