338 So.2d 871 (1976)
Barney GOLDRING et al., Appellants,
v.
Eduardo ESCAPA et al., Appellees.
Nos. 75-813, 75-814, 75-815 and 75-1085.
District Court of Appeal of Florida, Third District.
October 19, 1976.
Rehearing Denied November 12, 1976.
*872 Adams, George, Lee & Schulte, Jeanne Heyward, Miami, for appellants.
Horton, Perse & Ginsberg, Welsh & Carroll, Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Hawkesworth & Schmick, Miami, for appellees.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
Defendants appeal a final judgment in favor of plaintiffs entered after a jury trial in this personal injury action.
On January 2, 1972 Eduardo Escapa with his wife Magaly and a second passenger Ana Alfonso was driving his vehicle in a southeasterly direction on U.S. 27 when it collided with another vehicle being driven in the opposite direction by Ronald Goldring. Ronald's mother was killed as a result of the heavy impact to the right side of Goldring's vehicle. Escapa's vehicle was also damaged on the right side. Mr. and Mrs. Escapa and Ana Alfonso filed suit against Ronald and his father Barney Goldring, the owner of the vehicle, and their liability insurer, Allstate Insurance Company. Ana Alfonso also sued Eduardo Escapa and his insurer, Government Employees Insurance Company. The actions were consolidated for trial, where a conflict in the evidence arose as to whether Escapa's car had crossed over the center line of the road into Goldring's lane of travel or Goldring's car had crossed over into Escapa's lane of travel. Mr. Dollar, Escapa's expert witness testified that he could not resolve the question of which vehicle crossed over the center line of the road. The jury found for the Escapas and Ana Alfonso against Ronald and Barney Goldring and Allstate; for Ana Alfonso against Eduardo Escapa and GEICO. Appellants Ronald and Barney Goldring and Allstate perfected this appeal.
Appellants first contend that the trial court erred in excluding the testimony of their expert witness. We find this point well taken.
The salient facts with respect to this issue are that during pretrial discovery plaintiffs propounded to the appellants interrogatories requesting the names of expert witnesses and the subject matter of their expected testimony. On February 14, 1974 appellants answered that they intended to call Frank Flanagan as an accident reconstruction expert, but they had not received his actual opinion. On February 22 plaintiffs filed a motion to compel discovery to limit testimony at the time of trial, wherein they sought Flanagan's opinion be given to them 30 days before trial. After a hearing, on July 16 the trial judge entered an order requiring appellants to answer the interrogatories regarding the substance of Flanagan's *873 opinion 45 days prior to trial (set for January 27, 1975) and upon failure to comply, Flanagan would not be allowed to testify. On January 17 appellants filed answers to the interrogatories and set forth the substance of Flanagan's anticipated testimony and opinion, and also moved to vacate the July 16, 1974 order on the grounds that previously they had been unable to obtain Flanagan's report and opinion. After a hearing on the motion to vacate, the trial judge reset the trial date to February 24, 1975 but refused to vacate his order of July 16. Thereupon, appellants offered to produce Flanagan for deposition in Miami at their expense, but plaintiffs did not accept. Appellants again requested the trial judge to permit Flanagan to testify, but he refused and they were forced to try the case without the benefit of the testimony of their sole expert witness.
Where the testimony as so conflicting and a great reliance on the physical evidence was necessary to reconstruct the accident, the testimony of appellants' expert witness was not only admissable, but would have advanced the ends of justice. Cf. Mills v. Redwing Carriers, Inc., 127 So.2d 453 (Fla.2d DCA 1961).
Further, we find that the trial judge did not find nor does the record reveal that appellants' failure to comply with the July 16, 1974 order was deliberate; however, the record is susceptible to the interpretation that the failure to comply was due to circumstances beyond appellants' control and, thus, we conclude the trial judge abused his discretion in refusing to allow Flanagan to testify. See Metro Sporting Goods, Inc. v. Mutual Employees Trademart, 176 So.2d 578 (Fla.3d DCA 1964); Swindle v. Reid, 242 So.2d 751 (Fla.4th DCA 1970).
In addition, we note that appellants answered the interrogatories concerning the substance of Flanagan's opinion slightly under 45 days prior to the time of trial when the trial judge entered the order excluding his testimony. Plaintiffs themselves claimed no surprise, prejudice or unfair advantage if Flanagan had been allowed to testify, but relied upon the technical rules of civil procedure.
Appellants also urge as error the denial of their motion for mistrial when on the 4th day of trial one of the jurors appeared intoxicated by having alcohol on his breath, making grimacing motions, waving his hands and attempting to engage in conversation with the other jurors about the case during the reception of evidence which disturbed the jurors. Instead of declaring a mistrial, the judge simply removed the troublesome juror and put an alternate juror in his place. We find the failure to declare a mistrial erroneous. An excessive use of liquor by a juror during the trial is such misconduct as will vitiate the verdict. See 58 Am.Jur.2d New Trial § 81 at p. 273 (1971).
The final judgments are reversed and the cause remanded for a new trial.