COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Elder and Felton
Argued at Alexandria, Virginia


WILLIAM E. JENKINS

                                                            OPINION BY
v.        Record No. 1053-05-4            JUDGE LARRY G. ELDER
                                                            JANUARY 10, 2006
TIMOTHY STERLING WEBB


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

John G. Berry (Berry & Early, on brief), for appellant.

Christopher Paul Schewe for appellee.


William E. Jenkins, alleged to be the employer of Timothy Sterling Webb when Webb

fell from a tree and injured his back and ribs, appeals[1] from a decision of the Workers'

Compensation Commission dismissing Webb's claim for benefits without, rather than with,

prejudice.  Jenkins contends that the commission abused its discretion by, in essence, nonsuiting

Webb's claim *sua sponte*.  We disagree with Jenkins's argument that the commission's action,

expressly denominated a dismissal without prejudice, amounted to a nonsuit.  We hold further

that the relevant statute and commission rule authorized the commission to dismiss Webb's

claim without prejudice and that it did not abuse its discretion by doing so.  Thus, we affirm.

I.

Webb (claimant) allegedly sustained injuries to his back and ribs in a fall from a tree on

November 25, 2003.  On January 13, 2004, he filed a claim for benefits, alleging that Jenkins

---

[1] The Uninsured Employer's Fund is a party to this litigation insofar as an award may be entered against Jenkins in the future.  The Fund has not noted an appeal or filed a brief for purposes of Jenkins's appeal.

was his employer at the time of the accident. By notice dated June 28, 2004, the commission notified claimant, Jenkins, and their attorneys that a hearing was scheduled for August 30, 2004. Prior to the hearing, Jenkins's attorney had subpoenas issued for two witnesses. Jenkins, his attorney, and the two witnesses they had subpoenaed appeared for the hearing on August 30, 2004. Neither claimant nor his attorney appeared at the time scheduled for the hearing or within a reasonable time thereafter. Counsel for Jenkins moved "to dismiss the claim," and the deputy granted the motion to dismiss without prejudice to claimant's right to refile within the statutory period.

Thereafter, by letter dated September 2, 2004, counsel for Jenkins asked the deputy to dismiss the claim *with* prejudice.[2] Jenkins's counsel represented that he and two witnesses had traveled a one-way distance of 85 miles to attend the hearing. By opinion of September 10, 2004, the deputy noted claimant had failed to meet his burden of proving his case, and the deputy "reiterat[ed] his ruling with respect to the dismissal without prejudice." The deputy noted, however, that "[i]f the claim is refiled and the claimant fails to appear at another scheduled hearing in this matter, the claimant's claim may be dismissed *with* prejudice." (Emphasis added).

Counsel for Jenkins then filed a request for review. In his written statement, he contended the deputy's ruling dismissing the claim without prejudice constituted error. Counsel noted the commission "has historically conformed to the non-suit provisions of Va. Code § 8.01-380." Counsel said that he did not challenge the commission's ability to proceed under the nonsuit statute but did expressly challenge the commission's authority to grant a nonsuit *sua sponte* without timely motion from the party.

---

[2] Jenkins also sought an award of attorney's fees and costs pursuant to Code § 65.2-713. The deputy and commission held that statute provided no basis for an award of fees and costs, and Jenkins does not challenge that ruling in this appeal.

Counsel for claimant filed a written statement[3] in which he apologized to the commission for failing to appear for the scheduled hearing on August 30, 2004. Counsel alleged that he had been unable to reach claimant in the days leading up to the hearing. He alleged further that, on the day of the hearing, he "personally directed a secretary in [his] office to contact the Commission to request either a continuance or withdraw[al of] the claim" and that, "for some unknown reason, [she] may not have followed [his] instructions." Finally, he argued that the deputy did not proceed under the nonsuit statute and acted within the authority of the commission by dismissing the claim without prejudice to claimant's right to refile within the statutory period.

The commission affirmed the deputy's dismissal of the claim without prejudice, reasoning as follows:

> The employer is correct in noting on Review that while neither the [Act] nor the Rules of the Commission provide a right to a nonsuit, the Commission has historically conformed to the civil nonsuit statute, Code Section 8.01-308. Frequently we allow a claimant to voluntarily withdraw his claim before the record has closed and the matter has been submitted to a Deputy Commissioner for a decision. See Smith v. Southland Assoc., 68 OIC 38 (1989). The employer directs our attention to the fact that in this case there was no motion made for a nonsuit; the claimant and his counsel simply failed to appear at the hearing. The employer argues that under these circumstances the Deputy Commissioner erred in entering a nonsuit *sua sponte*.
>
> However, the Commission "is not bound by statutory or common law rules of pleading or evidence, nor is it bound by technical rules of practice." Wood v. Allison Apparel Marketing, 11 Va. App. 352, 398 S.E.2d 110 (1990). We further note that in this case, although there was no explanation for the failure to appear and no motion made for a nonsuit, there was also no history of disregard for Commission procedures and no other continuances or dismissals. A dismissal with prejudice bars refiling of a claim, and should enter only in cases where there has been an abuse of

---

[3] After the deadline for the filing of claimant's response had passed, counsel for claimant alleged he had not received the commission's notice setting the schedule for the filing of written statements. The commission accepted claimant's late-filed written statement.

process or deliberate disregard for the Commission's authority. See Green v. Goodwin House, Inc., 70 OIC 68 (1991); Kestler v. United Airlines, VWC File No. 190-16-59 (December 28, 1998). After careful [r]eview of this case, we find that this harsh result is not justified.

Employer noted this appeal.

## II.

Jenkins contends the commission lacked the authority to dismiss claimant's claim without prejudice. Jenkins argues that the commission traditionally relies upon the nonsuit statute, Code § 8.01-380, for the authority to dismiss a claim without prejudice but that its ability to grant such a dismissal is contingent upon a timely motion from the party who will benefit from the nonsuit. We hold other statutory and regulatory authority permitted the commission, *sua sponte*, to dismiss the claim without prejudice, and we affirm.

Code § 65.2-201 provides in relevant part as follows:

> It shall be the duty of the Commission to administer this title [the Workers' Compensation Act] and adjudicate issues and controversies relating thereto. In all matters within the jurisdiction of the Commission, it shall have the power of a court of record . . . to punish for contempt . . . and to enforce compliance with its lawful orders and awards. The Commission shall make rules and regulations for carrying out the provisions of this title.

Pursuant to the authority granted it by Code § 65.2-201, the commission promulgated Rule 2.2, which provides that "[e]xcept for rules which the Commission promulgates, it is not bound by statutory or common law rules of pleading or evidence nor by technical rules of practice." Va. Workers' Comp. Comm'n Rule 2.2. It also has promulgated Rule 1.12, which details specific ways in which the commission may enforce the Act and its rules:

> In addition to the statutory authority of the Commission to levy fines, to assess attorney fees and punish contempt, the Commission may enforce its rules and the provisions of the [Act] upon motion of a party, or upon its own motion, after giving a party or other interested person the opportunity to be heard, by imposition of the following sanctions:

A.  Rejection of a pleading . . . ;

B.  Exclusion of evidence . . . ;

C.  Dismissal of a claim or application.

Thus, Commission Rule 1.12 expressly permits the commission, in the exercise of its discretion, to act *sua sponte* to dismiss a claim, with or without prejudice, as a means of enforcing its rules and the provisions of the Act.  See Wingate v. Assett Protection Team, Inc., No. 190-74-36 (Va. Workers' Comp. Comm'n. Sept. 16, 1998) (dismissing claim without prejudice as sanction for failure to comply with discovery)[4]; cf. Estate of Kiser v. Pulaski Furniture Co., 41 Va. App. 293, 298-99, 584 S.E.2d 464, 467 (2003) (holding provision of Code § 65.2-201(A) permitting commission to promulgate rules, coupled with Commission Rules 1.12 and 2.2, "authori[zes the commission] to devise a test for determining whether to reconvene an evidentiary hearing").

"When a challenge is made to the commission's construction of its rules, the appellate court's review is limited to a determination of whether the commission's interpretation was reasonable.  The commission's interpretation will be accorded great deference and will not be set aside unless arbitrary or capricious."  Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129 n.2, 510 S.E.2d 255, 260 n.2 (1999) (en banc) (citation omitted).  "Dismissal of an action with prejudice is a drastic punishment and should not be invoked except in those cases where the conduct of the party shows deliberate and contumacious disregard of the [commission's] authority."  Swindle v. Reid, 242 So. 2d 751, 753 (Fla. Dist. Ct. App. 1971) (citing State v. Fattorusso, 228 So. 2d 630, 633 (Fla. Dist. Ct. App. 1969)).

Under Rules 1.12 and 2.2, we hold the commission's *sua sponte* exercise of its authority to dismiss the claim without prejudice was not an abuse of discretion under the facts of this case.

---

[4] We affirmed this result by unpublished decision.  See Wingate, No. 2569-98-4 (Va. Ct. App. Oct. 5, 1999).

Although the failure to appear clearly caused Jenkins and his witnesses to incur unnecessary fees and costs, the record contains no indication that claimant had failed to comply with discovery or to appear for any previously scheduled hearing, and the deputy expressly noted that, in the event claimant elected to refile his claim, any additional failure to appear could result in the dismissal of his claim *with* prejudice. Finally, because a dismissal without prejudice does not toll the statute of limitations as a nonsuit does, see Code § 8.01-229(E)(3), employer remained entitled to the protections of the original statute of limitations.

III.

For these reasons, we affirm the commission's decision to dismiss claimant's claim without rather than with prejudice.

Affirmed.