COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Alston and Senior Judge Felton
Argued in Alexandria, Virginia

REPUBLIC SERVICES OF VIRGINIA, L.L.C. AND
 OLD REPUBLIC INSURANCE COMPANY
                                                             MEMORANDUM OPINION[*] BY
v.       Record No. 0352-15-4                                JUDGE WILLIAM G. PETTY
                                                                 OCTOBER 27, 2015
ANGEL J. CANDIO

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                 Stephanie S. Ryan (Ryan Law PLLC, on brief), for appellants.

                 No brief or argument for appellee.[1]

        Republic Services of Virginia ("employer") appeals a decision of the Workers'

Compensation Commission dismissing Angel Candio's claim against employer.  On appeal,

employer assigns three errors to the commission's decision:  (1) the commission erred in denying

employer's motion to go forward on the merits at the hearing, (2) the commission erred in

dismissing Candio's claim without prejudice instead of with prejudice, due to Candio's

discovery failures and failure to comply with orders of the commission, and (3) the commission

erred in denying employer's motion to dismiss with prejudice, instead of without prejudice, for

Candio's failure to appear at the hearing and failure to meet his burden of proof.  We disagree

and affirm the commission's ruling.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Candio appeared at oral argument.  After advising the Court that English was not his
native language, an interpreter was provided to assist his understanding of the argument.

UNPUBLISHED

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. On appeal, "[w]e view the evidence in the light most favorable to the prevailing party below, and 'the fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding.'" Va. Polytechnic Inst. v. Posada, 47 Va. App. 150, 158, 622 S.E.2d 762, 766 (2005) (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)).

So viewed, the evidence presented established that Candio filed a claim for benefits on July 7, 2014 regarding an injury to his left knee. Candio filed a second claim for benefits on July 14, 2014 regarding the same injury. On September 9, 2014, employer made a motion to compel discovery responses. On September 15, 2014, the deputy commissioner issued an order to compel discovery, requiring Candio to respond to employer's interrogatories and requests for production within seven days. Candio took no action, and on September 23, 2014, employer made a motion to dismiss Candio's claims with prejudice due to Candio's failure to comply with the commission's discovery order. A hearing before the deputy commissioner took place on September 30, 2014. Candio did not appear at the hearing. Employer made a motion to go forward on the merits of the case in Candio's absence. The deputy commissioner denied the motion. Employer renewed its motion to dismiss with prejudice for Candio's failure to comply with the commission's order to compel discovery. The deputy commissioner granted the motion to dismiss without prejudice, and issued an opinion to that effect on October 6, 2014.

On November 4, 2014, employer filed a request for review of the opinion by the commission. The commission affirmed the deputy commissioner's opinion, finding that the

deputy commissioner did not abuse her discretion by dismissing the claim without prejudice because Candio's "conduct [fell] short of the deliberate abuse of process necessary to justify a dismissal with prejudice." Employer now appeals.

II.

Employer's three assignments of error challenge the commission's discretion to hear or dismiss a claim. Therefore, we address these assignments of error together. In sum, employer argues that the commission should have either allowed employer to go forward on the merits of the claim or dismissed the claim with prejudice because claimant failed to comply with discovery orders and failed to appear at the hearing. We disagree and affirm the commission's ruling.

"The decision to hold a party in contempt or punish for disobedience of an order is a matter committed to the commission's discretion." Jeff Coal, Inc. v. Phillips, 16 Va. App. 271, 277, 430 S.E.2d 712, 716 (1993). That discretion is granted by Code § 65.2-201, which provides in part:

> It shall be the duty of the Commission to administer this title [the Workers' Compensation Act] and adjudicate issues and controversies relating thereto. In all matters within the jurisdiction of the Commission, it shall have the power of a court of record . . . to punish for contempt . . . and to enforce compliance with its lawful orders and awards. The Commission shall make rules and regulations for carrying out the provisions of this title.

Pursuant to the authority granted it by Code § 65.2-201, the commission promulgated Virginia Workers' Compensation Commission Rule 1.12 which "expressly permits the Commission, in the exercise of its discretion, to act *sua sponte* to dismiss a claim, with or without prejudice, as a means of enforcing its rules and the provisions of the Act." Jenkins v. Webb, 47 Va. App. 404, 409, 624 S.E.2d 115, 117 (2006). Accordingly, the commission's decision whether or not to dismiss a claim, with or without prejudice, as a sanction for failure to comply with its orders will only be reversed for an abuse of discretion. See id. at 410, 624 S.E.2d at 118.

- 3 -

The abuse of discretion standard is "highly deferential." Thomas v. Commonwealth, 62 Va. App. 104, 111, 742 S.E.2d 403, 407 (2013). Thus, a commissioner's "'ruling will not be reversed simply because an appellate court disagrees.'" Dalton v. Commonwealth, 64 Va. App. 512, 521, 769 S.E.2d 698, 703 (2015) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005)). "'[O]nly when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Wright v. Wright, 61 Va. App. 432, 463-64, 737 S.E.2d 519, 534 (2013) (alteration in original) (quoting Robbins v. Robbins, 48 Va. App. 466, 482, 632 S.E.2d 615, 623 (2006)). "This highly deferential standard of review 'necessarily implies that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts—yet remain entirely reasonable.'" Reston Hosp. Ctr., LLC v. Remley, 63 Va. App. 755, 764, 763 S.E.2d 238, 243 (2014) (quoting Hamad v. Hamad, 61 Va. App. 593, 607, 739 S.E.2d 232, 239 (2013)). This standard of reasonability governing our appellate review is "based on our 'venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie.'" Reston Hosp., 63 Va. App. at 765, 763 S.E.2d at 244 (quoting Hamad, 61 Va. App. at 607, 739 S.E.2d at 239). Therefore, the commission "'has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" Id. at 765, 763 S.E.2d at 243 (quoting Lawlor v. Commonwealth, 285 Va. 187, 212-13, 738 S.E.2d 847, 861 (2013)).

The facts of this case are similar to those in Jenkins. In Jenkins, this Court affirmed the commission's dismissal without prejudice of a claim when the claimant failed to appear. 47 Va. App. at 410, 624 S.E.2d at 118. Under Commission Rule 1.12, the commission had the authority to dismiss the claim with or without prejudice. Id. at 409, 624 S.E.2d at 117. We recognized, however, that "[d]ismissal of an action with prejudice is a drastic punishment and

should not be invoked except in those cases where the conduct of the party shows deliberate and contumacious disregard of the [commission's] authority." Id. at 410, 624 S.E.2d at 118 (second alteration in original) (quoting Swindle v. Reid, 242 So. 2d 751, 753 (Fla. Dist. Ct. App. 1971)). Therefore, we held that it was not an abuse of discretion for the commission to dismiss the claim without, rather than with, prejudice. Id.

Here, the commission acknowledged Candio's failure to comply with its discovery orders and his failure to appear at the hearing. Under Commission Rule 1.12, the commission had the authority to dismiss Candio's claim without hearing employer's arguments on the merits, and the choice of dismissing the claim with or without prejudice. Exercising this discretionary authority, the commission decided that Candio's actions fell short of the "deliberate abuse of process necessary to justify a dismissal with prejudice." This decision fell within the range of reasonable choices permitted by Code § 65.2-201 and Commission Rule 1.12, and we will not disturb it on appeal. Accordingly, we hold that the commission did not abuse its discretion by denying employer's motion to go forward on the merits and by dismissing Candio's claim without prejudice.

III.

For the foregoing reasons, we affirm the commission's ruling.

Affirmed.