COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Fulton and White

AHMED ABDULSALAM

v.      Record No. 0037-24-3

LSC COMMUNICATIONS, INC., ET AL.

MEMORANDUM OPINION[*] BY
JUDGE KIMBERLEY SLAYTON WHITE
FEBRUARY 11, 2025

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(John S. Koehler; The Law Office of James Steele, PLLC, on brief),
for appellant.

(Lisa M. Tolusso; Lucas & Kite, PLC, on brief), for appellees.


Ahmed Abdulsalam appeals the Workers' Compensation Commission's dismissal of his

claim for repeatedly violating the Commission's orders. He argues that the Commission abused

its discretion in dismissing his claim when a lesser sanction would have been sufficient. Finding no

abuse of discretion, we affirm the Commission's judgment. After examining the briefs and record

in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND[1]

Abdulsalam filed a claim for benefits in January 2022, alleging he sustained an injury to his

right foot in an accident on June 9, 2020, while working for LSC Communications ("LSC"). His

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] "On appeal from a decision of the Commission, 'the evidence and all reasonable
inferences that may be drawn from that evidence are viewed in the light most favorable to the
prevailing party below,' on the issues before us, the employer." *Jalloh v. Rodgers*, 77 Va. App.
195, 200 n.2 (2023) (quoting *City of Charlottesville v. Sclafani*, 70 Va. App. 613, 616 (2019)).

treating physician, Dr. Thomas Weber, referred Abdulsalam for an electrodiagnostic study (EMG) in February 2022. Despite the referral, Abdulsalam did not undergo the test.

LSC served discovery requests on Abdulsalam and after he responded, requested an authorization for medical records from out-of-state providers and a legible travel expense ledger for any mileage reimbursement he claimed. Abdulsalam did not provide the authorization and gave LSC only partially legible handwritten notes regarding his travel. Thereafter, LSC sought to compel the production of a legible travel ledger and the authorization for out-of-state medical records. The deputy commissioner ordered Abdulsalam to provide the documents within ten days. Abdulsalam did not comply, and LSC moved to dismiss the claim. Abdulsalam informed the deputy commissioner that he had provided medical authorizations to LSC but did not state when he did and made no mention of a legible travel ledger.

In August 2022, Dr. Weber again ordered Abdulsalam to undergo an EMG, but again Abdulsalam did not.[2] Abdulsalam also saw Dr. James Schwartz for an independent medical exam. Dr. Schwartz determined that he needed a CT scan of Abdulsalam's foot before he could complete an impairment rating. He also wanted Abdulsalam to see a neurologist to determine if there was a nerve injury and, if so, its origin. A CT scan was scheduled for October 14, 2022, before being cancelled and rescheduled to October 20, 2022. On October 19, 2022, upon motion by LSC, which alleged that Abdulsalam or his attorney had cancelled the October 14 CT scan, the deputy commissioner ordered Abdulsalam to attend the CT scan the next day.

On the morning of the scan, Abdulsalam's counsel informed LSC that he could not attend the CT scan because he was "out of town doing a temporary job." LSC responded that Abdulsalam was ordered to attend the CT scan that day. Abdulsalam did not attend the scheduled CT scan as

---

[2] Although LSC sought an order compelling Abdulsalam's attendance at an appointment for the EMG it scheduled, the deputy commissioner ultimately declined to order Abdulsalam's attendance.

ordered. That night, Abdulsalam filed a letter with the Commission stating that he intended to get the CT scan.

Meanwhile, LSC renewed its request that Abdulsalam be ordered to attend the scheduled EMG requested by his physician. Abdulsalam objected to the EMG, claiming that it "was not recommended by his treating physicians." The deputy commissioner ordered that Abdulsalam attend the EMG. It found that Dr. Weber, one of his treating physicians, referred him for the EMG and continued to believe it was necessary, and Dr. Schwartz also supported it. Furthermore, Abdulsalam failed to identify any specific medical risk from the procedure. The deputy commissioner warned Abdulsalam that not attending the EMG could result in sanctions, including dismissal of his claim.

The day before the rescheduled CT scan, Abdulsalam's counsel claimed LSC was not paying Abdulsalam's medical bills or travel mileage and that he would not attend appointments until that was corrected. LSC responded that its records showed that it was up-to-date on payments and noted that Abdulsalam had yet to comply with the Commission's order to submit a proper travel ledger. Additionally, LSC reiterated that the Commission had ordered Abdulsalam to attend the CT scan and EMG appointments.[3] Even so, Abdulsalam cancelled both appointments.

Thereafter, LSC requested that Abdulsalam be required to show cause why he failed to comply with the Commission's orders that he undergo the tests and submit a proper travel ledger. Abdulsalam then provided several completed Commission-provided travel expense forms and bills that he asserted were unpaid. Abdulsalam stated he intended to complete the CT scan but still contended that two doctors did not recommend the EMG. LSC promptly reimbursed Abdulsalam

---

[3] LSC previously sought an order for Abdulsalam to show cause why he failed to attend the earlier CT scan appointment, but it does not appear any action was taken on the motion.

for his mileage and identified that the invoices he submitted were duplicates of ones previously paid.

On December 6, 2022, LSC served notice to Abdulsalam regarding his rescheduled appointments; his CT scan was set for December 16 and his EMG for December 19, 2022. Abdulsalam's counsel acknowledged receipt, and Abdulsalam attended the CT scan as scheduled. On December 14, 2022, however, Abdulsalam's counsel informed LSC that Abdulsalam would be "out of town" and had cancelled the EMG appointment. LSC immediately moved to dismiss the claim because of Abdulsalam's repeated failure to abide by the Commission's order to undergo an EMG. Abdulsalam's counsel responded that they were working to reschedule the appointment. The deputy commissioner again ordered Abdulsalam to attend the EMG appointment on December 19, 2022, warning that "[f]ailure to do so may result in a dismissal of the claim."

Despite the order, Abdulsalam did not attend the EMG appointment. Instead, he again rescheduled the appointment, this time for January 12, 2023. LSC renewed its motion and sought dismissal of Abdulsalam's claim with prejudice based on his repeated disregard for the Commission's orders. Abdulsalam argued that the EMG appointment conflicted with long-standing travel commitments and that he rescheduled it as soon as he learned of the conflict. LSC countered that emails and attendance at Abdulsalam's medical appointments showed that Abdulsalam and his counsel were in close contact, but counsel did not timely inform LSC of Abdulsalam's unavailability. It also questioned the shifting reasons for the continued cancellations.

The deputy commissioner expressed an inclination to dismiss the claim given Abdulsalam's repeated failures to attend the ordered appointments. Nonetheless, the deputy commissioner believed dismissal "would be unduly harsh" at that time because no award had been entered and the statute of limitations had expired. Accordingly, the deputy commissioner denied LSC's motion, but warned that if Abdulsalam did not attend the rescheduled appointment "for *any* reason," the deputy

- 4 -

commissioner would dismiss the claim. Abdulsalam attended the January 12, 2023 EMG appointment.

LSC subsequently requested that Abdulsalam provide dates for a supplemental deposition and respond to outstanding discovery requests. When Abdulsalam failed to do either, LSC moved to compel his compliance. The deputy commissioner ordered Abdulsalam to respond to the discovery and provide available dates for a deposition. Abdulsalam was warned that failure to comply within ten days "may result in dismissal of the claim." Abdulsalam did not comply, and LSC moved to dismiss the claim with prejudice. The deputy commissioner dismissed Abdulsalam's claim because of his failure to comply with the Commission's order.

Abdulsalam moved the deputy commissioner to reconsider and vacate the dismissal order, noting that he had not had an opportunity to be heard on LSC's motion. He claimed that he fully responded to the discovery via email and, except for one item, gave sufficient information for LSC to issue subpoenas for further information about his employment-marketing efforts. He argued that he had "complied with all requests" and "the process ordered by the Commission." He also argued that the contested issues had been narrowed. Abdulsalam also contended that LSC suffered "minimal" or no prejudice, sufficient time remained to obtain any necessary supplemental discovery, and any claimed prejudice could be addressed and remedied before the hearing. He stated that he had agreed to a supplemental deposition but did not note whether he had provided LSC with his availability. Abdulsalam argued that dismissal with prejudice was inappropriate and would bar him from receiving benefits. He submitted an incomplete copy of an email, in which his counsel "[i]nformally" shared information about his employment and then-current medical condition. His counsel conceded that he had "not completed the supplemental discovery responses," which he blamed on "language issues." LSC opposed Abdulsalam's motion, arguing that he had a history of delayed or noncompliance with Commission orders and still had not fully

complied with the Commission's latest order. After reviewing the parties' arguments and "the extensive" record, the deputy commissioner denied Abdulsalam's request for reconsideration.

Abdulsalam sought review by the Commission, making similar arguments as those raised to the deputy commissioner. He asserted that when the deputy commissioner dismissed his claim, he "was in the process of complying" with LSC's latest discovery requests. Further, LSC "had finally agreed to issues that the claimant was trying to get accepted for several months," narrowing the contested issues. Abdulsalam argued that the Commission should apply a sanction "less harsh" than dismissal with prejudice and remand the claim for a hearing.

After considering the record and arguments of the parties, the Commission affirmed the dismissal of Abdulsalam's claim. It found that he "repeatedly failed to comply" with orders, had received multiple warnings that dismissal was a possible sanction for his failures, and still violated the latest order. It found "his actions illustrated a deliberate abuse of process and disregard for the Commission's authority." The Commission determined that permitting Abdulsalam to submit a brief in support of his motion for reconsideration "remedied" the fact that he was not originally given an opportunity to respond to LSC's motion to dismiss. Thus, due to his "pattern of disregard for the Commission's orders," dismissal of Abdulsalam's claim was not an abuse of discretion. Abdulsalam appeals.

## ANALYSIS

"Except for rules which the Commission promulgates, it is not bound by statutory or common law rules of pleading or evidence nor by technical rules of practice." Workers' Comp. Comm'n Rule 2.2; *see also Jenkins v. Webb*, 47 Va. App. 404, 408-09 (2006). "[T]he Commission may enforce its rules and the provisions of the Workers' Compensation Act upon motion of a party, or upon its own motion, after giving a party . . . the opportunity to be heard, by imposition of the following sanction[]: . . . [d]ismissal of a claim or application." Workers'

Comp. Comm'n Rule 1.12(C); *see also Jenkins*, 47 Va. App. at 409 ("Commission Rule 1.12 expressly permits the [C]ommission, in the exercise of its discretion, to act *sua sponte* to dismiss a claim, with or without prejudice, as a means of enforcing its rules and the provisions of the Act."). "Dismissal of an action with prejudice is a drastic punishment and should not be invoked except in those cases where the conduct of the party shows deliberate and contumacious disregard of the [Commission's] authority." *Jenkins*, 47 Va. App. at 410 (quoting *Swindle v. Reid*, 242 So. 2d 751, 753 (Fla. Dist. Ct. App. 1971)).

The Commission's exercise of its authority under Rule 1.12 to dismiss a claim is subject to review for an abuse of discretion. *Jenkins*, 47 Va. App. at 410. This standard is "highly deferential." *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013). Thus, the Commission's "ruling will not be reversed simply because an appellate court disagrees." *Dalton v. Commonwealth*, 64 Va. App. 512, 521 (2015) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)). Under this standard, when the Commission has a "range of choice," we will not disturb its decision "as long as it stays within that range and is not influenced by any mistake of law." *Stark v. Dinarany*, 73 Va. App. 733, 746 (2021) (quoting *Galiotos v. Galiotos*, 300 Va. 1, 10 (2021)). Thus, only "when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Dunnavant v. Newman Tire Co.*, 51 Va. App. 252, 260 (2008) (quoting *Tynes v. Commonwealth*, 49 Va. App. 17, 21 (2006)).

On appeal, Abdulsalam argues that the Commission abused its discretion by dismissing his claim when a lesser sanction would have sufficed. He argues that the deputy commissioner's last order gave him only ten days to comply and the deputy commissioner dismissed his claim without notice or a hearing. Abdulsalam emphasizes that the deputy commissioner did not find that his failures to comply were "willful and deliberate," asserting that he complied with the previous

- 7 -

orders, even if there were "delays." Thus, he contends, the Commission erred by not choosing a lesser sanction that would have allowed his claim to proceed.

The record demonstrates that Abdulsalam repeatedly failed to comply with Commission orders. In April 2022, the deputy commissioner ordered Abdulsalam to provide a proper travel ledger for his mileage claim. He did not comply until LSC reminded him of the Commission's order when he accused LSC, seven months after the order, of withholding this compensation.

For months, Abdulsalam also refused to comply with Commission orders to undergo a CT scan and EMG. Abdulsalam failed to attend the October 20, 2022 CT scan appointment, despite being ordered by the Commission to attend. His stated reason for not attending was that he was "out of town." After overruling Abdulsalam's objections to the EMG, the Commission ordered him to attend an appointment scheduled in November 2022. Nonetheless, Abdulsalam cancelled the EMG appointment and, for the second time, the CT scan, giving as his reason that LSC had not paid outstanding bills. Even if this were true, LSC had already agreed to pay for *these* tests. And, more importantly, Abdulsalam was *ordered* to attend these appointments by the Commission. Even after receiving the CT scan in December 2022, Abdulsalam continued to defy the Commission's orders to undergo an EMG until warned by the deputy commissioner that any further noncompliance would result in his claim being dismissed "without hesitation."

Despite again being warned that noncompliance could result in dismissal of his claim, Abdulsalam did not comply when the Commission ordered him to provide available dates for a deposition and respond to other discovery requests. Abdulsalam was also repeatedly warned that failure to comply with Commission orders could result in dismissal of his claim.

The Commission is expressly authorized to "dismiss a claim, with or without prejudice, as a means of enforcing its rules and the provisions of the Act." *Jenkins*, 47 Va. App. at 409. Thus, dismissal was within the "range of choice" available to the Commission. *Stark*, 73 Va. App.

at 746 (quoting *Galiotos*, 300 Va. at 10). Given Abdulsalam's repeated noncompliance with Commission orders, we cannot say that "reasonable jurists could not differ" on whether his actions illustrated a deliberate abuse of process and disregard for the Commission's authority. *Dunnavant*, 51 Va. App. at 260 (quoting *Tynes*, 49 Va. App. at 21). Accordingly, we conclude that the Commission did not abuse its authority in dismissing Abdulsalam's claim. *Dunnavant*, 51 Va. App. at 260; *Jenkins*, 47 Va. App. at 410.

CONCLUSION

For the foregoing reasons, we affirm the Commission's judgment.

*Affirmed.*