## CIRCUIT COURT OF FAIRFAX COUNTY

In re Application of
Maximillian Nelson

October 22, 2013

Case No. CL-2013-0009850

By Judge Robert J. Smith

This matter comes before the Court on an Application for a Concealed Handgun Permit.

### Background

On June 3, 1998, the applicant, Maximillian Nelson, then a member of the United States Navy, pleaded guilty to three offenses at a Special Court-Martial empowered to adjudge a Bad Conduct Discharge. He was charged with three violations of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C., ch. 47, et seq. Nelson was charged with violating Article 81 (UCMJ), Conspiracy; Article 107 (UCMJ), Making a False Official Statement, and Article 121 (UCMJ), Larceny. The sentence he received, as ultimately approved by the Convening Authority, was to be confined for four months, to forfeit $600.00 pay per month for three months, to be reduced to the lowest enlisted grade, and to be discharged from the service with a Bad Conduct Discharge.

On May 20, 2013, Nelson submitted an application for a concealed handgun permit to the Fairfax County Circuit Court. This Court issued a suspending order and set the matter for an Ore Tenus Hearing to clarify the matter of the Special Court-Martial conviction. Thereafter, this Court took the matter under advisement.

### Issue Presented

The issue now before the Court is whether Nelson's Special Court-Martial conviction is a felony. If it is a felony conviction, Virginia Code § 18.2-308.09(16) precludes this Court from issuing a concealed weapons permit.

*Standard of Review*

Virginia Code § 18.2-308.09(16) provides that an individual is disqualified from obtaining a concealed handgun permit when:

> [That] individual whose previous convictions or adjudications of delinquency were based on an offense that would have been at the time of conviction a felony if committed by an adult under the laws of any state, the District of Columbia, the United States or its territories. For purposes of this disqualifier, only convictions occurring within 16 years following the later of the date of (i) the conviction or adjudication or (ii) release from any incarceration imposed upon such conviction or adjudication shall be deemed to be "previous convictions."

*UCMJ Conviction*

10 U.S.C. § 881, Article 81 of the UCMJ proscribes conspiracy. At the time of Nelson's conviction, conspiracy was punishable by five years confinement at a General Court-Martial.

10 U.S.C. § 907, Article 107 of the UCMJ proscribes making a false official statement. At the time of Nelson's conviction, making a false official statement was punishable by five years confinement at a General Court-Martial.

10 U.S.C. § 921, Article 121 of the UCMJ proscribes larceny. At the time of Nelson's conviction, larceny was punishable by five years confinement at a General Court Martial.

However, Nelson was tried not by a General Court-Martial, but by a Special Court-Martial empowered to adjudge a Bad Conduct Discharge.

The 1998 Manual for Courts-Martial specified in Art 201(f)(2)(B)(i) that:

> Upon a finding of guilty, special courts-martial may adjudge, under limitations prescribed by this Manual, any punishment authorized under R.C.M. 1003 except death, dishonorable discharge, dismissal, confinement for more than six months, hard labor without confinement for more than three months, forfeiture of pay exceeding two-thirds pay per month, or any forfeiture of pay for more than six months.

In the instant case, although Nelson was convicted of conspiracy, making a false statement, and larceny, he could not have been sentenced to more than six months confinement because he was tried at a Special Court-Martial. As stated above, each of these offenses was individually punishable by five years confinement. As such, if Nelson had been sentenced by a general court martial, according to the Manual for

Courts-Martial, he would have faced a potential maximum sentence of fifteen years confinement. However, Nelson was tried by a Special Court-Martial, and, therefore, as a matter of law, he could not have been sentenced to more than six months confinement.

Virginia Code § 18.2-308.09(16) prohibits the issuance of a concealed handgun permit to an individual whose previous convictions were based on an offense that would have been, at the time of conviction, a felony if committed by an adult under the laws of any state, the District of Columbia, or the United States or its territories.

"Crime has been defined as an offense which the law punishes directly and is classified as treason, felonies, and misdemeanors. Treason is but an aggravated felony, and so, for practical purposes crimes are either felonies or misdemeanors." *Bell v. Commonwealth*, 167 Va. 526, 529, 189 S.E. 441 (1937). A felony is defined as "a serious crime usu[ally] punishable by imprisonment for more than one year or by death." *Black's Law Dictionary* 651 (8th ed. 2004). On the other hand, a misdemeanor is defined as "[a] crime that is less serious than a felony and is usu[ally] punishable by fine, penalty, forfeiture, or confinement . . . in a place other than prison." *Id*. at 1020.

Crimes, therefore, are classified as either felonies or misdemeanors. Since Nelson was sentenced by a Special Court-Martial, and the Special Court-Martial could only adjudge a sentence of confinement for up to six months, it necessarily follows that Nelson's conviction at a Special Court-Martial is a misdemeanor conviction.

Nelson's application for a concealed handgun permit is granted.