# CIRCUIT COURT OF FAIRFAX COUNTY

In re Petition of
Luis Edgardo Portillo

October 14, 2015

Case No. CL-2015-9529

By Judge John M. Tran

On October 9, 2015, Petitioner Luis E. Portillo came before this Court on his third application for a concealed weapons permit ("CWP"). This Court denies Portillo's third application because his 2003 felony conviction disqualifies him from obtaining a concealed weapons permit under Va. Code Ann. § 18.2-308.09(16). His application is also barred by the doctrine of *res judicata*.

*Background*

In August 2003, Portillo was convicted of felony driving while intoxicated, third offense within ten years, and, subsequently, lost certain political disabilities, such as the right to possess or transport a firearm. On June 19, 2013, the Governor restored Portillo's political disabilities, except his right to ship, transport, possess, or receive firearms ("firearm rights").

Portillo submitted his first CWP application to the Fairfax Circuit Court in July 2013 (*In re Luis Edgardo Portillo*, Case No. CL-2013-1171). On August 6, 2013, the court denied the application on grounds that Portillo did not have his firearm rights restored. In response, Portillo requested an *ore tenus* hearing.

At the August 23, 2013, *ore tenus* hearing, the court restored Portillo's firearm rights, but denied him the right to carry a concealed firearm. The court entered an Order on August 23, 2013, reflecting its decision that the restoration of Portillo's "right to purchase, transport, use, and receive firearms for the purpose of recreational use . . . does not include the right to conceal or intentionally carry about his person, hidden from common observation, any such weapon."

On October 2, 2013, the court entered an amended order. The first difference between the August 23, 2013, Order and the October 2, 2013, Amended Order is that the Amended Order does not contain the phrase

"for the purpose of recreational use." The second difference is that the first paragraph of the August 2013 Order states:

> This matter came to be heard on the 23rd day of August 2013 upon the application of the Petitioner, Luis Edgardo Portillo, for a concealed handgun permit, and was argued by Counsel.

The August 23, 2013, Order did not explicitly reference the application for a concealed handgun permit, although that additional statement is of questionable value. Nevertheless, Portillo did not appeal either the August 23, 2013, Order or the October 2, 2013, Amended Order.

On December 19, 2013, Portillo filed his second CWP application, which was assigned a new case number (*In re Luis Edgardo Portillo*, Case No. CL-2013-18890). Based on the October 2, 2013, Amended Order, the court again denied the application and set an *ore tenus* hearing. On February 28, 2014, the court heard Portillo's argument in support of a CWP. Subsequently, the court issued a final order on March 4, 2014, denying the application for lack of jurisdiction to consider the matter for Portillo's failure to timely appeal the first denial and for lack of a compelling reason to grant the application when considering Portillo's 2003 felony conviction.

Portillo timely noted his appeal of the March 4, 2014, Order. In a *per curiam* opinion, the Virginia Court of Appeals denied Portillo's appeal. *In re Concealed Weapon Application of Luis Edgardo Portillo*, Record No. 0790-14-4 (Case No. CL-2013-1889) (July 7, 2014). In that opinion, the Court of Appeals affirmed the trial court's decision to deny the CWP application for lack of good cause and noted that the record on appeal was devoid of evidence of any cause shown for granting the application. The Court of Appeals did not address the *res judicata* issue under the March 4, 2014, Order and accepted the trial court's conclusion that Portillo did not meet his burden of showing good cause to issue the permit under Va. Code § 18.2-308.2(C). Portillo did not appeal the July 7, 2014, decision. *See* Va. Code § 17.1-410(B) (permitting an otherwise final decision to be appealed to the Virginia Supreme Court on grounds of constitutional issues or matters of significant precedential value).

On July 21, 2015, Portillo filed his third CWP application without attaching copies of the prior decisions issued in his first two applications. This Court initially denied his third application on two independent grounds: (1) he was identified as a convicted felon and (2) he failed to prove that his firearm rights had been restored. Portillo then submitted a copy of the October 2, 2013, Order under CL-2013-18890 which restored his firearm rights. On September 3, 2015, this Court again denied the application, suspended the matter pending further order of the court, and set the matter for an *ore tenus* hearing on October 9, 2015.

Upon consideration of the arguments presented and the two prior applications submitted by Portillo, this Court denies with prejudice his

petition for a concealed handgun permit. This Court advised Portillo at the October 9, 2015, hearing and advises Portillo again in this Order of his right to file a petition for review to the Court of Appeals within sixty days of the date of this Order in accordance with Virginia Code § 18.2-308.2(C).

*Analysis*

A. *As a Convicted Felon, Portillo Is Disqualified from Obtaining a Concealed Handgun Permit under Va. Code § 18.2-308.09(16)*

Portillo's 2003 felony conviction disqualifies him from receiving a CWP. Va. Code § 18.2-308.09(16) provides that an individual is disqualified from obtaining a concealed handgun permit when:

> [That] individual *whose previous convictions* or adjudications of delinquency were based on an offense *that would have been at the time of conviction a felony* if committed by an adult under the laws of any state, the District of Columbia, the United States, or its territories. For purposes of this disqualifier, *only convictions occurring within 16 years* following the later of the date of (i) the conviction or adjudication or (ii) release from any incarceration imposed upon such conviction or adjudication *shall be deemed to be "previous convictions."*

Upon a cursory glance, this section seems to apply only to juvenile convictions. However, the Fairfax Circuit Court previously interpreted § 18.2-308.09(16) to include adult convictions. In *In re Nelson*, 87 Va. Cir. 203 (Fairfax 2013), the applicant, then a member of the United States Navy, pleaded guilty to three offenses under the Uniform Code of Military Justice. The *Nelson* court analyzed whether the offenses constituted felonies under § 18.2-308.09(16). *Id.* at 204. Ultimately, the court found that they were misdemeanors and granted Nelson's application. *Id.* at 205.

Although the *Nelson* court did not expressly identify Nelson's age at the time of his convictions, this Court assumes he was an adult at the time of his military enrollment and convictions. The *Nelson* opinion does not otherwise reference the applicant's "adjudication of delinquency" or cite to any other facts that suggest Nelson's criminal record was solely a juvenile record.

This Court also interprets § 18.2-308.09(16) as including adult convictions. The word "conviction" under Va. Code § 18.2-308.09(16) applies to offenses in other states which are misdemeanors but could be felonies elsewhere or in the Commonwealth of Virginia. For example, Maryland codified the crime of larceny under a consolidated theft statute. *Counts v. State*, 444 Md. 52, 58, 118 A.3d 894 (2015) (citing Md. Code Ann., Crim. Law (2012 Repl. Vol.) §§ 7-101 *et seq.*). Under Maryland law, there

are two levels of misdemeanors and three levels of felonies, determined by the value of property stolen. *See* Md. Code Ann., Crim. Law § 7-104. The value of property has to be $1000 or less to constitute a misdemeanor. *Id.* § 7-104(g)(2).

In Virginia, larceny of goods valued at $200 or more constitutes grand larceny, a felony. Consequently, an applicant who was convicted in Maryland of a misdemeanor theft crime of property valued at greater than $200 but less than $1000, is disqualified under Va. Code § 18.2-308.09(16) from obtaining a concealed handgun permit. The difference in treatment of such offenders is also apparent when comparing Va. Code § 18.2-308.2(A) with § 18.2-308.09(16) in terms of what constitutes felonies.

Under Va. Code § 18.2-308.2(A), the statute distinguishes between "any person who has been convicted of a felony" and "any person adjudicated delinquent as a juvenile 14 years of age or older [for a felony offense]." After describing the two separate classes of offenders prohibited from possessing a firearm, adult felons and juveniles fourteen years and older, § 18.2-308.2(A) states: "whether such conviction or adjudication occurred under the laws of the Commonwealth, or any other state." The reference to "any other state" differentiates § 18.2-308.2(A) from § 18.2-308.09(16).

Under § 18.2-308.2(A), the statute defines a felon as someone who became a felon as a result of a conviction that occurred either in the Commonwealth "or any other state." Consequently, the same offender who is convicted in Maryland of a misdemeanor theft crime would not be prohibited from possessing a firearm under § 18.2-308.2(A) because that person has not been convicted of a felony under Maryland law. That same person, however, would remain disqualified to obtain a concealed weapons permit, because § 18.2-308.09(16) disqualifies all applicants who commit a crime that could be a felony if committed by an adult in any state. *See* Va. Code § 18.2-308.09(16) ("[P]revious convictions or adjudications of delinquency were based on an offense that would have been at the time of conviction a felony if committed by an adult under the laws of any state, the District of Columbia, the United States, or its territories.") The legislature intentionally chose different classifications for individuals prohibited under those two statutes. *See Wright v. Commonwealth*, 53 Va. App. 266, 278, 670 S.E.2d 772, 778 (2009) (requiring courts to construe statutes to "ascertain and give effect to the legislative intent"). This decision acknowledges the difference.

Lastly, the Court cannot conclude that the General Assembly would preclude a person convicted of a serious crime as a juvenile from obtaining a concealed handgun permit for sixteen years while allowing an adult to obtain one immediately upon the removal of his political disabilities.

Portillo's 2003 conviction was a felony. *See* Va. Code Ann. § 18.2-270(C) ("Any person convicted of three offenses of § 18.2-266 committed within a 10-year period shall upon conviction of the third offense be guilty

of a Class 6 felony."). It has not been sixteen years since the later of his conviction or release from incarceration. Therefore, Portillo is disqualified from obtaining a concealed weapons permit pursuant to § 18.2-308.09(16) until at least 2019. Once the sixteen years pass and Portillo is no longer disqualified under § 18.2-308.09(16), he would then have to petition the Court under § 18.2-308.09(6), which requires him to show good cause to receive a concealed weapons permit under § 18.2-308.2(C).

## B. *Portillo's CWP Application Is Barred by the Doctrine of Res Judicata*

Section 18.2-308.09(6) makes an exception for the disqualification of a person who is a convicted felon to the extent the applicant may obtain "a permit . . . in accordance with subsection C of that section (§ 18.2-308(C))." Consequently, in order for a convicted felon to obtain a concealed handgun permit, the felon has to (1) wait for a period of sixteen years from the date of his conviction or release from incarceration, whichever is later; (2) have his firearm rights restored; and (3) present good cause for the court to exercise its discretion to grant a concealed weapons permit, similar to the good cause required to restore a convicted felon's firearm rights. Of the three necessary prongs, Portillo met only the second prong, that is, the court restored his firearm rights.

The question remains whether Portillo should be allowed to continue to file applications for a concealed weapons permit absent a change of circumstances. The Court of Appeals in *In re Concealed Weapon Application of Luis Edgardo Portillo,* Record No. 0790-14-4 (Case No. CL-2013-1889) (July 7, 2014), affirmed the denial of the permit under Va. Code § 18.2-308(C). Their decision is final. *See* Va. Code § 18.2-308.08. Although the Court of Appeals did not consider the *res judicata* issue on the merits, it questioned whether the absence of a statutory restriction on filing CWP applications, unlike a habeas proceeding which has such restrictions, suggests there is no *res judicata* bar for CWP applications. This Court adopts the March 4, 2014, Order ruling that bars Portillo's application on the grounds of *res judicata.*

The doctrine of *res judicata* includes two separate concepts governing the effects of a final valid judgment. The first, issue preclusion, forecloses successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination. *See Brock v. Voith Siemens Hydro Power Generation,* 59 Va. App. 39, 45, 716 S.E.2d 485, 487 (2011). The second, claims preclusion, bars successive litigation over the same claim or all other claims that could have been brought in a prior proceeding. *See id.* The doctrine under Virginia law is explained by our Supreme Court in *Miller v. Smith,* 109 Va. 651, 655, 64 S.E. 956, 957 (1909), that "[e]very litigant should have opportunity to present whatever grievance he may have" but, if given an opportunity to do so and "having failed to avail himself of it, he must accept the consequences."

The absence of *res judicata* language similar to the habeas statutes under Va. Code § 8.01-654(B)(2) does not suggest that *res judicata* is inapplicable here. Federal courts have expressly held that *res judicata* does not apply to habeas petitions. *Salinger v. Loisel,* 265 U.S. 224, 230, 44 S. Ct. 519, 521, 68 L. Ed. 989 (1924). Thus, in order to prevent an abuse of the writ of habeas corpus, Congress had to enact a modified *res judicata* scheme by statute. *See* 28 U.S.C. § 2244; *see also Felker v. Turpin,* 518 U.S. 651, 654, 116 S. Ct. 2333, 2335, 135 L. Ed. 2d 827 (1996). No Virginia court has held that *res judicata* does not apply to CWP applications. Thus, there was no need for the General Assembly to include *res judicata* language in the CWP statutes.

Further, the reasons for precluding the application of *res judicata* to habeas proceedings do not exist for CWP applications. The purpose of a habeas petition is to remedy gross violations of a prisoner's constitutional right. Justice Breyer, in *Sanders v. United States,* stated that "[c]onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged." 373 U.S. 1, 8, 83 S. Ct. 1068, 1073, 10 L. Ed. 2d 148 (1963).

In contrast, denying an individual a concealed weapon permit generally does not violate a constitutional right. *See District of Columbia v. Heller,* 554 U.S. 570, 626, 128 S. Ct. 2783, 2799, 171 L. Ed. 2d 637 (2008) ("[T]he right secured by the Second Amendment is not unlimited. . . . [T]he right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. The majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues."); *United States v. Masciandaro,* 648 F. Supp. 2d 779, 790, 2009 WL 2750958 (E.D. Va. 2009), *aff'd,* 638 F.3d 458, 2011 WL 1053618 (4th Cir. 2011) (noting *"Heller's* approval of concealed weapons bans"); see also Va. Code Ann. § 18.2-308 (prohibiting carrying a concealed firearm without a permit). Thus, unlike a habeas petition, this Court is not faced with the same constitutional implications in denying Portillo's application on the grounds of *res judicata.*

Further, Virginia Supreme Court Rule 1:6, which governs *res judicata,* authorizes application of the doctrine to petitions, such as an application for a concealed weapons permit. Under Rule 1:6, "[a] party whose *claim for relief* . . . is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction, or occurrence." A claim for relief *"includes* those set forth in a complaint, counterclaim, cross-claim, or third-party pleading." Rule 1:6 (emphasis added).

The word "include[]" in Rule 1:6 is unambiguous. It does not intend for the following items, complaint, counterclaim, cross-claim, or third-party

pleading, to be an all-inclusive list. *See Black's Law Dictionary* (10th ed. 2014) ("To contain as a part of something. The participle including typically indicates a partial list <the plaintiff asserted five tort claims, including slander and libel.>"). Therefore, Rule 1:6 does not prohibit this Court from applying *res judicata* to petitions, such as a CWP application. *See In re Williamson*, 327 B.R. 578, 583, 2005 WL 1799449 (Bankr. E.D. Va. 2005) (applying *res judicata* in a petition for bankruptcy); *Brown v. Felsen*, 442 U.S. 127, 132, 99 S. Ct. 2205, 2209, 60 L. Ed. 2d 767 (1979) (same); *see also* 52 A.L.R.2d 406 (Originally published in 1957) ("The rule of *res judicata* is applicable to decrees or judgments in adoption proceedings.").

An individual has a right to repeatedly apply for a concealed weapons permit because the statute does not limit the number of filings. *See* Va. Code Ann. § 18.2-308.08. However, that right does not give Portillo the right to have his applications repeatedly considered absent a material change in circumstances. The right to file an application does not provide an opportunity for a disappointed applicant to file a new application to be considered by a different judge indefinitely.

This Court holds that, if an applicant is disqualified from receiving a CWP, subsequent applications are barred the doctrine of *res judicata* and will only be considered on the merits once the grounds for disqualification cease to exist. The doctrine of *res judicata* will not bar the consideration of an application based on a change of circumstances not previously brought or could have been brought to the court's attention.

Portillo explained to this Court that, in 2013 and during his previous petitions, he did not inform the court that he had (at least) two reasons for seeking a CWP. The first is that he hunts bears and needs to carry a second firearm as a backup safety measure in case his primary firearm malfunctions. He prefers to carry the backup firearm concealed rather than open carry. The second reason is that his job as a contractor causes him to regularly carry a substantial amount of cash, which he uses to pay vendors and for expenses. Portillo explained that, due to either a miscommunication with prior counsel or other causes, he did not have an opportunity to offer those explanations to the court in his prior hearings.

Due to the lack of a transcript in the prior cases, this Court is unable to discern what information had been provided to the court previously and received no evidence of a change of circumstances since the prior rulings. This Court, consequently, concluded it could not revisit the prior rulings and informed Portillo of such. More importantly, for this Court to spend resources repeatedly considering Portillo's applications for a concealed handgun permit during his time of ineligibility would contravene the public policy behind the doctrine of *res judicata*. *See Bates v. Devers*, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974) (supporting the policy that there must be an eventual end to litigation); *Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct.

2205, 2209, 60 L. Ed. 2d 767 (1979) (encouraging parties to rely on judicial decisions which, in turn, frees the courts to resolve other disputes).

## Conclusion

For the reasons stated therein, this Court denies Luis Portillo's application for a concealed weapons permit on the ground that he is disqualified under Va. Code § 18.2-308.09(16). Further, the doctrine of *res judicata* precludes this Court from considering Portillo's explanation of good cause for issuance of the permit.