COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Kelsey and McCullough
Argued at Salem, Virginia

BILLY JOE BROCK

                                                 OPINION BY
v.      Record No. 0428-11-3           JUDGE D. ARTHUR KELSEY
                                               NOVEMBER 1, 2011

VOITH SIEMENS HYDRO POWER GENERATION
 AND LIBERTY MUTUAL FIRE INSURANCE COMPANY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Wesley G. Marshall (Law Offices of Wesley G. Marshall, PLC, on brief),
for appellant.

Wade T. Anderson (John C. Johnson; Jonas A. Callis; Frith Anderson &
Peake, P.C., on brief), for appellees.

*Amicus Curiae*:  Virginia Trial Lawyers Association (Craig B. Davis;
Gregory O. Harbison; Emroch & Kilduff, LLP; Harbison Law Firm, PLLC,
on brief), for appellant.

Billy Joe Brock appeals a decision of the Virginia Workers' Compensation Commission

barring him from litigating injuries he alleged in his initial claim but did not raise at his

evidentiary hearing.  Brock contends the commission misapplied the *res judicata* doctrine as a

matter of law.  We disagree and affirm.

I.

Brock was injured at work in January 2007.  He filed a workers' compensation claim in

July 2007 seeking benefits for injuries to his shoulder, back, and hips.  Represented by counsel,

he amended his claim in November 2007 to allege additional injuries to his head and leg.  A

deputy commissioner scheduled a hearing on his claim and warned Brock's counsel:  "*All issues*

*will be considered at the upcoming November 20, 2007 hearing at 10:30 a.m. in Covington.*"

App. at 8 (emphasis added).  Brock's counsel requested a continuance, alleging she "did not

anticipate receiving the necessary documentation" prior to the scheduled hearing. Id. at 9. The commission continued the hearing to March 2008.

### A. THE FIRST HEARING

At the first evidentiary hearing, Brock and the employer stipulated he had injured his left shoulder in the accident. Represented by counsel, Brock produced no evidence of any other injuries and did not request additional time to develop such evidence. Nor did he ask the deputy commissioner to reserve jurisdiction to consider additional evidence at some later date.

After the hearing, the deputy commissioner entered an award order stating the claim "before the Commission" was the original claim filed by Brock in July 2007, as later amended by counsel in November 2007. Id. at 56. The order awarded Brock temporary, total compensation and medical benefits for the "stipulated" injury to Brock's left shoulder. Id. at 57, 61. After making this award, the order concluded: "This claim is hereby dismissed, and is ordered removed from the hearing docket." Id. at 61. The order also advised both parties of their right to appeal the decision. Neither Brock nor the employer appealed the order to the full commission.

### B. THE SECOND HEARING

Four months later, in July 2008, Brock's counsel filed a letter seeking "additional benefits" for injuries to his hip, back, and legs arising out of the same accident.[1] Id. at 62. The deputy commissioner acknowledged Brock's "new" claim and scheduled a hearing to address it. Id. at 78. Brock appeared at the hearing without counsel. At the end of the hearing, the employer's counsel pointed out the "new" injuries were alleged in the original amended claim. Id. at 157. The employer contended these matters were "abandoned" at the earlier evidentiary

---

[1] Brock later filed a *pro se* claim in February 2009 seeking benefits for injuries to his back, head, shoulder, leg, and hip.

hearing and questioned whether "they can properly be considered at this junction of the proceedings." Id.

In a second award order, the deputy commissioner held Brock had "abandoned" any claim for injuries beyond the stipulated left shoulder injury by not presenting evidence of such injuries at the first evidentiary hearing in March 2008. Id. at 183. The deputy commissioner, however, declined to apply *res judicata* because Brock's abandonment, she reasoned, "was in effect a non-suit" of those aspects of his claim. Id.

C. REVIEW BY THE FULL COMMISSION

The employer appealed this second order to the full commission on several grounds, including an argument that the deputy commissioner "wrongly decided that principles of *res judicata* do not bar the claims for injuries to the back, hips and legs." Id. at 198. Citing K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985), the employer argued *res judicata* applied to workers' compensation awards and barred relitigation of matters that either were previously litigated or "could have been litigated" at the prior evidentiary hearing. App. at 198.

On review of the deputy commissioner's second order, the commission agreed with the employer and held *res judicata* barred Brock's allegedly new claim for injuries to his back, hips, and legs. Brock v. Voith Siemens Hydro Power Generation, Inc., 2011 Va. Wrk. Comp. LEXIS 42, at *16-17 (Jan. 26, 2011). "The Deputy Commissioner's [first] award was not appealed and became final," id. at *14, the commission noted. "Nothing more was necessary to settle the rights of the parties regarding the compensability of the injuries alleged in the claimant's application, and there was a final adjudication on the issues raised in the application." Id.

"It is critical to note," the commission explained, "that *res judicata* bars not only matters which were actually litigated in a prior proceeding, but also bars matters which could have been

- 3 -

litigated in the prior proceeding." Id. at *10. To hold otherwise, the commission concluded, would permit Brock, "as long as he did so within the statute of limitations" to "file four separate applications, one for his back, one for his legs, one for his head and one for his hips, and then litigate each application at four separate hearings." Id. at *16. Doing so would "waste considerable time and expense on the part of the Commission" and do nothing to bring an "end to litigation and the prevention of harassment to the parties." Id. "There is simply no conceivable public policy," the commission reasoned, "which would be furthered by allowing such piecemeal adjudication of claims." Id.

## II.

On appeal, Brock argues *res judicata* does not apply because there was "no real adjudication on the merits of the claims for additional injuries" at the first hearing. Appellant's Br. at 8. He also claims the 2008 award order was not a "final adjudication" because it "did not address the claims for additional injuries" and "did not mention the claims for injuries to the back, head, leg, and hip." Id. at 11. Like the commission, we disagree with these two closely related assertions.[2]

Two distinct concepts — issue preclusion and claim preclusion — are "collectively referred to as '*res judicata*.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008). Issue preclusion bars "'successive litigation of an issue of fact or law actually litigated and resolved in a valid

---

[2] On brief, Brock also argues the commission failed to address whether the employer "invited error" on the *res judicata* issue, failed to decide whether the "head injury" was barred by *res judicata*, erred in reversing a portion of the deputy commissioner's award on which the employer did not seek review, and violated his constitutional due process rights. Appellant's Br. at 3 (assignments of error 2, 4, 5, 6). Because Brock made none of these arguments to the commission, it had no opportunity to address them. Under Rule 5A:18, no argument advanced on appeal "as a basis for reversal" can be raised for the first time on appeal. See Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003); Hodnett v. Stanco Masonry, Inc., 58 Va. App. 244, 248-49, 708 S.E.2d 429, 432 (2011). The record suggests no basis for invoking the good cause or ends-of-justice exceptions to Rule 5A:18.

court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Id. (quoting New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001)). Often called "collateral estoppel," issue preclusion bars parties from litigating in a subsequent suit "any issue of fact actually litigated and essential to a valid and final personal judgment in the first action." Rawlings v. Lopez, 267 Va. 4, 4-5, 591 S.E.2d 691, 692 (2004) (citation omitted).

In contrast, claim preclusion bars "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Taylor, 553 U.S. at 892 (quoting New Hampshire, 532 U.S. at 748). Called "merger" when the claimant wins the first suit and "bar" when the claimant loses, claim preclusion treats unasserted claims as being subsumed into the disposition of related, previously adjudicated, claims arising out of the same cause of action. See Restatement (Second) of Judgments §§ 18, 19 (1982).

Virginia's application of the claim preclusion component of *res judicata* was best stated a century ago: "Every litigant should have opportunity to present whatever grievance he may have" but if given an opportunity to do so and "having failed to avail himself of it, he must accept the consequences." Miller v. Smith, 109 Va. 651, 655, 64 S.E. 956, 957 (1909). Thus, the "effect of a final decree is not only to conclude the parties as to every question actually raised and decided, but as to every claim which properly belonged to the subject of litigation and which the parties, by the exercise of reasonable diligence, might have raised at the time." Smith v. Holland, 124 Va. 663, 666, 98 S.E. 676, 677 (1919) (citing Diamond State Iron Co. v. Alex K. Rarig & Co., 93 Va. 595, 25 S.E. 894 (1896); Miller, 109 Va. at 651, 64 S.E. at 956).

Claims precluded by *res judicata* include those "made or tendered by the pleadings," as well as those "incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered." Lofton Ridge, LLC v. Norfolk S. Ry., 268 Va. 377, 381, 601 S.E.2d 648, 650 (2004) (quoting Kemp v. Miller, 166 Va.

661, 674-75, 186 S.E. 99, 103-04 (1936)).  This "could-have-litigated-should-have-litigated principle," Va. Imps. Ltd. v. Kirin Brewery of Am., LLC, 50 Va. App. 395, 410 n.6, 650 S.E.2d 554, 561 n.6 (2007), finds its roots in the earliest Virginia precedents[3] and was recently incorporated into Rule 1:6(a), which restates the general rule that, when applicable, claim preclusion applies "whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought."

These principles apply to workers' compensation cases.  See Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 128, 510 S.E.2d 255, 259 (1999) (*en banc*) (confirming *res judicata* applies "to decisions of deputy commissioners and the full commission").  In one of our first opinions, we held "the relationship of the Commission to an award is that of a court to a judgment during the term at which it is rendered."  Thurber, 1 Va. App. at 219, 337 S.E.2d at 302.  A "contested matter before the Commission," we explained, involves an "assertion of particular legal rights which have arisen out of a definable factual transaction."  Id. at 220, 337 S.E.2d at 302.  It follows that a final award "bars relitigation of the same cause of action, *or any part thereof which could have been litigated* between the same parties and their privies."  Id. at

---

[3] See, e.g., S. Ry. v. Wash., Alex. & Mt. Vernon Ry., 102 Va. 483, 491, 46 S.E. 784, 787 (1904) (recognizing *res judicata* applies "to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time" (citation omitted)); McCullough v. Dashiell, 85 Va. 37, 41, 6 S.E. 610, 612 (1888) (applying *res judicata* to any matter "within the legitimate scope of the pleadings in the first suit" which "might have been presented at that trial" (citations omitted)); Withers' Adm'r v. Sims, 80 Va. 651, 660-61, 1885 Va. LEXIS 105, at *18-19 (1885) (applying *res judicata* to any matter "which might have been offered to sustain the particular claim or demand litigated in the prior action" (citations omitted)); Blackwell's Adm'r v. Bragg, 78 Va. 529, 541, 1884 Va. LEXIS 28, at *21 (1884) ("It is not only final as to matters actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided." (citation omitted)); Shenandoah Valley R.R. v. Griffith, 76 Va. 913, 925, 1882 Va. LEXIS 93, at *20-21 (1882) (applying *res judicata* "to all matters which existed at the time of giving the judgment . . . and which the party had the opportunity of bringing before the court").

219, 337 S.E.2d at 302 (emphasis added). The commission, consistent with its own precedent,[4] correctly held the merger principle of *res judicata* claim preclusion applies to matters that could have been raised in the earlier proceeding in addition to those that were actually raised.

The question remains whether this principle should apply to the award order entered after the first hearing. We agree with the commission on this issue as well. On appeal, Brock concedes the barred allegations of injury "could have been adjudicated" at the first hearing. Oral Argument Audio 00:53 to 00:57. The record fully supports this concession. Before the hearing, Brock specifically alleged injuries to his shoulder, back, hips, head, and leg. In an abundance of caution, the commission warned Brock that "[a]ll issues" would be considered at the first hearing. App. at 8. In response, Brock's counsel requested and received a lengthy continuance to better prepare his case. For reasons indiscernible from the record, however, Brock limited his presentation at the hearing to the stipulated left shoulder injury.

The commission understandably rejected its deputy's *post hoc* interpretation of the award order as "in effect a non-suit" that preserved all pled, but nonetheless "abandoned," aspects of Brock's claim. See App. at 183. Nothing in the record suggests Brock ever sought to withdraw any portion of his claim. Nor did he at any time ask the deputy commissioner to hold open the evidentiary record to later consider allegations of other injuries. And even if the text of the order could arguably bear such a construction, the full commission nonetheless "is entitled to interpret its own orders in determining the import of its decisions" for purposes of *res judicata*. Rusty's

---

[4] See, e.g., Holmes v. Myers Plumbing & Heating, Inc., VWC No. 221-04-40 (Jan. 30, 2008) (holding *res judicata* applies when claimant "was aware of a 'cause of action' that could have been litigated at the time of the first Hearing, and he specifically failed to include it"); see generally Bulla v. A & M Invs., Inc., 2010 Va. Wrk. Comp. LEXIS 757, at *6 (Dec. 1, 2010); Reyes v. Kings Constr., Inc., 2009 Va. Wrk. Comp. LEXIS 73, at *3 (Dec. 17, 2009); Waller v. Blue Ridge Nursing Ctr., 2009 Va. Wrk. Comp. LEXIS 455, at *6 (Oct. 7, 2009); Bright v. Norton Cmty. Hosp., 2009 Va. Wrk. Comp. LEXIS 575, at *2-3 (Jan. 26, 2009), aff'd, 2009 Va. App. LEXIS 382 (Sept. 1, 2009); Bright v. Norton Cmty. Hosp., Inc., 2008 Va. Wrk. Comp. LEXIS 369, at *10-11 (June 19, 2008).

Welding Serv., Inc., 29 Va. App. at 130, 510 S.E.2d at 260; see also Hodnett v. Stanco Masonry, Inc., 58 Va. App. 244, 249, 708 S.E.2d 429, 432 (2011) ("The commission determines the nature of its orders and rulings."); Lowes of Christiansburg v. Clem, 37 Va. App. 315, 323, 557 S.E.2d 745, 748 (2002) (recognizing the commission's authority "to examine the opinion of the deputy commissioner as a whole in order to ascertain the result intended" (citation omitted)).

Workers' compensation cases, of course, cannot always be concluded in a single evidentiary hearing. For just this reason, the commission has tailored the application of *res judicata* to take into account allegations of injury that, while pled in the initial claim, may nonetheless not be ripe for final adjudication. The commission, for example, has the authority to defer for later determination "premature" issues unripe for adjudication, Brown v. United Airlines, Inc., 34 Va. App. 273, 280-81, 540 S.E.2d 521, 524-25 (2001), and frequently allows claimants "to voluntarily withdraw [a] claim before the record has closed and the matter has been submitted to a Deputy Commissioner for a decision," Jenkins v. Webb, 47 Va. App. 404, 407, 624 S.E.2d 115, 116-17 (2006) (quoting Webb v. Jenkins, 2005 Va. Wrk. Comp. LEXIS 249, at *2 (Mar. 31, 2005)) .

Brock, however, took advantage of none of these protective measures. Instead, after being warned of the necessity of addressing "[a]ll issues" raised in his claim, App. at 8, he attended the evidentiary hearing and limited his presentation to a stipulated left shoulder injury. Brock does not contend he was denied a full and fair opportunity to assert all of his alleged injuries. Nor does he offer any explanation for failing to do so. He simply asserts the right to litigate the case on an injury-by-injury basis at *separate* hearings with each resulting in *separate* award orders. Like the commission, we are unaware of any "conceivable public policy which would be furthered by allowing such piecemeal adjudication of claims." Brock, 2011 Va. Wrk. Comp. LEXIS 42, at *16.

III.

Because the commission applied settled principles of *res judicata* to bar Brock from litigating matters he neglected to raise at his earlier evidentiary hearing, we affirm.

Affirmed.