COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Alston and Senior Judge Felton
Argued by teleconference


MOHAMMED BOUKHIRA

MEMORANDUM OPINION* BY
v.        Record No. 0204-15-4        JUDGE ROSSIE D. ALSTON, JR.
DECEMBER 8, 2015

GEORGE MASON UNIVERSITY/
  COMMONWEALTH OF VIRGINIA


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Benjamin J. Trichilo (McCandlish Lillard, on briefs), for appellant.

Scott John Fitzgerald, Senior Assistant Attorney General (Mark R.
Herring, Attorney General; Rhodes B. Ritenour, Deputy Attorney
General; Ronald N. Regnery, Senior Assistant Attorney General, on
brief), for appellee.


Mohammed Boukhira, (claimant), appeals the decision of the Commission finding that

his March 12, 2014 claim for permanent partial disability (PPD) benefits is barred by the

doctrine of *res judicata*.  Claimant's appeal details eight separate assignments of error which can

be summarized as follows:  (1) the Commission's July 12, 2013 opinion was not a final

adjudication on the merits of claimant's right to PPD benefits so as to implicate the doctrine of

*res judicata*, (2) the Commission's July 12, 2013 opinion, which stated that claimant could

re-file his claim within the statutory period, as well as its January 13, 2014 letter, which

dismissed claimant's second application without prejudice, implied and caused claimant to

detrimentally rely on those orders in his belief that the Commission retained jurisdiction over

claimant's PPD claim, thus, entitling him to refile his claim for PPD benefits, and (3) the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commission erred in finding that claimant failed to provide sufficient evidence to prosecute his PPD claim based upon a change in condition.

BACKGROUND

Claimant, a computer technician, was injured on February 20, 2007. According to claimant, he was leaving the Commerce Building at George Mason University (employer) to enter his vehicle when he stepped on a steel utility cover located in a landscaped area. When claimant stepped on the utility cover, due to it not being properly secured, his left leg fell into the hole causing his back to strike the side of the manhole. As a result, claimant alleged that he suffered right lower leg and back pain.

On July 30, 2009, the Commission entered an order indicating that the matter in controversy had been resolved by an agreed award order, which provided that the parties agreed that claimant sustained a compensable lower-back injury at an average weekly wage of $994.88 per week. As a result, employer agreed to pay claimant $663.25 per week in temporary partial disability benefits.

Between August 17, 2010 and August 16, 2011, claimant and employer entered into several supplemental agreements to pay benefits as well as termination of wage loss awards.

On February 24, 2012, claimant was examined by Dr. Salter, an orthopedic surgeon.[1] Dr. Salter's evaluation provided that in his opinion, claimant suffered a L5 spondylolysis unilateral on the left as indicated by a lumbar spine CT dated August 20, 2008. Dr. Salter stated that claimant had "reached maximum medical improvement" and using the Fifth Edition of the AMA Guide to Evaluation of Permanent Impairment, rated an "11% impairment of the left lower

---

[1] Claimant was also examined and treated by Dr. Schuler, Dr. Alexander, and Dr. Moshirfar. However, none of these doctors rated claimant's injury for PPD and, thus, their evaluations and diagnosis are irrelevant to this appeal.

extremity as a result of the injury sustained on February 20, 2007, within a reasonable degree of medical certainty and probability."

On March 2, 2012, claimant filed an application for hearing requesting entry of an order awarding PPD benefits with the Commission based on the 11% disability rating provided by Dr. Salter. Claimant's hearing was held on September 17, 2012. Claimant testified to the events on the day of his injury, his treatment with a Dr. Schuler, and stated that his left leg would frequently "give out."[2] Claimant also filed Dr. Salter's medical evaluation with the Commission in support of his claim.

The deputy commissioner issued an opinion on September 27, 2012, finding in favor of claimant and ordering employer to pay claimant PPD benefits based upon an 11% loss of use of the left leg at the weekly rate of $663.26 commencing on February 24, 2012, and continuing for a period of 19.25 weeks. The deputy commissioner further ordered that medical benefits continue for as long as necessary and awarded claimant costs and fees.

On October 16, 2012, employer filed its request for review by the full Commission. Employer argued that the deputy commissioner erred because his award was based on pain only and that there was no evidence presented that the "pain interfered with [claimant's] functional use of the member or his ability to work." In response, claimant argued that the evidence supported the deputy commissioner's ruling because claimant proved that he sustained permanent loss of use of the left lower extremity due to his February 20, 2007 lower back injury. Further, that claimant's evidence showed that his injuries restricted his ability to work; specifically his ability to walk, stand, or lift heavy objects.

---

[2] Dr. Schuler is employed with the Virginia Spine Institute. He performed a series of spinal injections on the claimant. Dr. Schuler noted that claimant had polio, which resulted in a leg length discrepancy which further aggravated claimant's ambulation. Dr. Schuler ultimately suggested spinal surgery. His diagnosis is not relevant to this appeal as his diagnosis/evaluation did not contain a disability rating.

On July 12, 2013, the Commission issued its opinion reversing the decision of the deputy commissioner. The Commission found that there was no evidence on the record to show that claimant suffered a PPD to his left leg. The Commission opined that Dr. Salter's physical examination did not reveal any loss of use and that there was "no reason [for the Commission] to credit Dr. Salter's opinion solely because it [was] the only opinion of PPD." The Commission also found that claimant's testimony was insufficient to substantiate a claim of ongoing loss of use of his left leg. The Commission "removed [the matter] from the Review Docket" and stated in its order, "Claimant has the right to appeal this decision to the Court of Appeals of Virginia by filing a Notice of Appeal with the Commission and a copy of the Notice of Appeal with the Court of Appeals of Virginia within 30 days of the date of the opinion."

Claimant did not appeal the Commission's decision. Rather, on August 7, 2013, claimant filed a letter of application of hearing requesting an award of PPD benefits for his "left lower extremity." The letter stated "[t]his APPLICATION is filed for record purposes to allow the Commission to retain jurisdiction. A hearing will be requested at a later date." On November 25, 2013, employer filed a motion to dismiss claimant's August 7, 2013 application.

Employer argued that the motion should be dismissed because claimant failed to file any supporting medical records within 90 days of the initial filing date. Commission Rule 1.3.[3] Claimant responded arguing that all medical evidence had been filed and was already in the Commission file at the time of the August 7, 2013 application. Specifically, claimant referred to Dr. Salter's report. Employer argued that the Commission found Dr. Salter's February 24, 2012 rating to be "defective as a matter of law." Therefore, no medical records were present to support claimant's pending PPD claim. Further, employer argued that even if claimant were to

---

[3] Rule 1.3 reads: "Dismissal Upon Failure to File Supporting Evidence. If supporting evidence is not filed within 90 days after an employee's claim is filed, it may be dismissed upon motion of the employer after notice by the Commission to the parties."

rely on Dr. Salter's records, his claim was barred by *res judicata*. Lastly, employer argued that

without evidence, the claim should be dismissed. In his surrebutal, claimant argued that the

Commission did not find Dr. Salter's findings to be a nullity, but rather, found that further

explanation was needed to support a rating based upon claimant's "ongoing S1 distribution

pain." Claimant also argued that while the Commission reversed the deputy commissioner's

ruling, it did not dismiss claimant's claim for PPD benefits.

On January 13, 2014, the deputy commissioner sent a letter to counsel. The letter

provided in relevant part:

> The full Commission concluded that based on "the holdings in
> Washington Metro. Area Transit v. Rogers and Young v. Laurel
> Park Hardware/Auto, [Dr. Salter's PPD] rating [was] defective as a
> matter of law."
>
> In the written statement submitted by the [claimant] in
> support of his request for review, Dr. Salter's February 24, 2012,
> rating is the specific evidence he relied upon. While there is
> mention of other medical examinations . . . the full Commission
> found Dr. Salter's opinion, which the Commission rejected, to be
> the "only opinion of permanent partial disability."
>
> The [claimant's] position in opposition to the [employer's]
> motion to dismiss can be stated simply: having failed to produce
> compelling evidence initially, or to convince the Commission on
> review that he had done so, the [claimant] should have yet another
> opportunity to find evidence necessary to an award on this
> particular claim and that the [C]ommission should retain
> jurisdiction while he attempted to do so. There is no legitimate
> argument for that position.
>
> Therefore, pursuant to Rule 1.3, the motion to dismiss
> [claimant's] August 7, 2013, claim, without prejudice, submitted
> by [employer] is hereby GRANTED, with leave to the Claimant to
> refile his claim within the period provided by law.
>
> A request for review may be filed with the Clerk of the
> Commission no later than thirty (30) days from the date of this
> letter order.

On January 14, 2014, claimant appealed the deputy commissioner's January 13, 2014 ruling to the full Commission. Claimant argued that the deputy commissioner erred in granting the motion to dismiss because it precluded claimant from being awarded PPD benefits. Claimant also contended that the deputy commissioner erred by failing to follow Commission case law holding that a claim for PPD benefits is timely filed when the claimant presents "some evidence of a permanent functional disability within the statutory period." Further, that the deputy commissioner erred by finding that Dr. Salter's report provided insufficient evidence of a permanent functional disability. Lastly, claimant argued that the Commission's finding that the rating of Dr. Salter was "defective as a matter of law" was not intended to deprive the claimant of his right to forever claim PPD due to his work-related injury.

On February 12, 2014, the Commission issued an opinion in response to claimant's January 14, 2014 appeal. The Commission acknowledged that it frequently retains jurisdiction over timely-filed claims for permanency where a party has not yet reached maximum medical improvement. The Commission opined however, that it found no justification for retaining jurisdiction over claimant's claim where, during the period of limitations, claimant had reached maximum medical improvement, was at liberty to prosecute his claim, and did in fact prosecute his claim. For this reason, the Commission declined to retain jurisdiction and affirmed the deputy commissioner's January 13, 2014 ruling.

On March 12, 2014, claimant filed another application for hearing requesting an award of PPD benefits based on a 24% disability rating of the left lower extremity provided by a report from a Dr. Charles Jackson. Dr. Jackson's report provided in relevant part: (1) claimant had reached maximum medical improvement, (2) claimant's symptoms were consistent with radiculopathy of the left lower extremity, and (3) claimant had limited lumbar flexion, forward flexion, and inability to perform full leg raises. Dr. Jackson diagnosed claimant with

- 6 -

"[i]ntervertebral disk herniation, associated with spondylolysis with unresolved radiculopathy left lower extremity due to injury on February 20, 2007." In turn, Dr. Jackson concluded that claimant suffered from a 24% permanent partial impairment of his left lower extremity due to the injury he suffered on February 20, 2007.

Dr. Jackson then discussed Dr. Salter's findings. Dr. Jackson's report provided in part:

> There has been no significant improvement in Mr. Boukhira's condition [since his IME with Dr. Salter]. He has learned to tolerate discomfort about his low back but must limit activities with left leg pain or numbness and weakness renders him unstable in everyday activities. If he is careful to heed warning signals of pain he can prevent progressive weakness.

Dr. Jackson's report further stated that he did "not agree with Dr. Salter in his report dated February 24, 2012," and noted that he would "amend" various findings in Dr. Salter's report regarding claimant's muscle testing, motor weakness, and reports of pain. Dr. Jackson speculated as to the basis for Dr. Salter's 11% impairment rating and overall disagreed with his evaluation, description, and rating of claimant's injury, symptoms, and impairment rating.

On April 28, 2014, claimant filed a position statement with an attached memorandum of law contending that his claim was not barred by *res judicata*. Claimant argued that because there was no prior adjudication on the merits and because the prior dismissal of his claim was without prejudice, he was not precluded from filing a subsequent claim for PPD benefits for the injuries he sustained as a result of the February 20, 2007 incident. Employer responded on April 30, 2014, arguing first, that claimant's claim was barred by *res judicata* because claimant failed to produce sufficient evidence at the September 17, 2012 hearing to show a PPD, and second, that Dr. Jackson failed to opine that claimant was suffering an ongoing loss of use of his left leg. Claimant responded on May 12, 2014, arguing that *res judicata* did not apply because there was no final and binding adjudication on the issue of permanent disability; specifically, the

- 7 -

Commission dismissed claimant's first claim without prejudice. Second, claimant argued that pursuant to, and in reliance upon the Commission's prior opinion, the claimant filed his present claim on March 12, 2014, which was prior to the March 29, 2014 statutory deadline specified in the order. Lastly, claimant contended that *res judicata* did not apply because claimant had suffered a change in condition.

On July 11, 2014, the deputy commissioner concluded that *res judicata* applied because the claimant elected to have his claim heard and lost on the merits. Specifically, the deputy commissioner noted, "[t]he fact that the evidence did not ultimately suffice to meet [claimant's] burden of proof does not make the claim any less ripe for adjudication, nor does it negate the fact that the claim was adjudicated on its merits." "To the extent [the Commission is] asked to consider any disability present at the time of the last hearing, the claimant essentially seeks another opportunity to prove that case. This inefficiency is exactly what the preclusive doctrines seek to avoid." Claimant's claim for PPD benefits was ripe for adjudication when claimant reached maximum medical improvement. Claimant obtained a rating and sought a hearing on the merits of his claim before the Commission on the issue of PPD. The issue was actually litigated, and a final decision was reached. The deputy commissioner also concluded that claimant did not meet the standard to show a change in condition noting that nothing in Dr. Jackson's report indicated that claimant's condition had changed or deteriorated since seeing Dr. Salter. For these reasons, the deputy commissioner denied claimant's request for hearing and dismissed the matter with prejudice.

On July 21, 2014, claimant filed his request for review by the full Commission on nearly identical grounds as his appeal to this Court. On September 8, 2014, employer filed its response to claimant's memorandum and made nearly identical arguments to those it now makes to this Court.

On January 28, 2015, the Commission issued its opinion affirming the decision of the deputy commissioner. The Commission opined that claimant filed two claims seeking PPD benefits. The Commission noted the following: (1) on September 17, 2012, claimant's claim for PPD benefits was ripe as the parties stipulated that claimant had reached maximum medical improvement, (2) claimant testified and introduced medical evidence in support of his claim, (3) by opinion dated July 12, 2013, the majority of the Commission found the claimant's medical evidence in support of his PPD claim to be "defective as a matter of law" and reversed the award entered by the deputy commissioner, (4) neither party appealed the Commission's July 12, 2013 opinion, and (5) a second PPD claim was filed August 7, 2013.

This appeal followed.

ANALYSIS

I. THE COMMISSION DID NOT ERR IN CONCLUDING THAT ITS JULY 12, 2013 OPINION WAS A FINAL DECISION ON THE MERITS, AND THUS, CORRECTLY APPLIED THE DOCTRINE OF *RES JUDICATA*

Claimant argues that the Commission's opinion dated July 12, 2013, was not a final order because the Commission ruled that claimant's evidence was deficient "as a matter of law" and merely needed "further explanation" to "support a rating," and thus, the Commission erred in applying the doctrine of *res judicata* to claimant's March 12, 2014 PPD claim. We disagree.

On appeal, this Court views the evidence in the light most favorable to the prevailing party below. See R. G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). The determination of *res judicata* is a question of law and is reviewed *de novo*. Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127-28, 510 S.E.2d 255, 259 (1999) (*en banc*); Pruden v. Plasser Am. Corp., 45 Va. App. 566, 573, 612 S.E.2d 738, 742 (2005).

> Where, as here, an employee suffers the loss of use of a scheduled body member, the compensation provided by [Code § 65.2-503][4] is not awardable "until the injury has reached a state of permanency, i.e. maximum improvement, when the degree of loss may be medically ascertained." In other words, before [Code § 65.2-503] benefits are awardable, it must appear both that the partial incapacity is permanent and that the injury has reached maximum medical improvement.

Brown v. United Airlines, Inc., 34 Va. App. 273, 277, 540 S.E.2d 521, 523 (2001) (quoting County of Spotsylvania v. Hart, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977)); see also Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 678-79, 401 S.E.2d 213, 215 (1991). To recover PPD benefits, the claimant bears the burden of establishing by a preponderance of the evidence the existence of a disability that is the consequence of the injury by accident. Hobson, 11 Va. App. at 678, 401 S.E.2d at 215 (citing Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 387, 363 S.E.2d 433, 440 (1987); Hercules, Inc. v. Stump, 2 Va. App. 77, 79, 341 S.E.2d 394, 395 (1986)).

Claimant's PPD claim was ripe for adjudication at the time of the September 17, 2012 hearing. On February 24, 2012, claimant obtained a medical evaluation from Dr. Salter stating that he had reached maximum medical improvement. On March 2, 2012, claimant filed a claim for PPD benefits based in part on Dr. Salter's conclusion that he had reached maximum medical improvement and suffered from an 11% impairment to his left lower extremity. At the September 17, 2012 hearing, the parties stipulated that claimant had reached maximum medical improvement. Therefore, claimant's claim for PPD benefits was ripe for adjudication at that time. Brown, 34 Va. App. at 277, 540 S.E.2d at 523; Hobson, 11 Va. App. at 678-79, 401 S.E.2d at 215.

---

[4] Code § 65.2-503 provides schedules of compensation periods for various partial and permanent losses or disfigurements.

- 10 -

*Res judicata*, literally "a thing adjudicated," is defined as "an issue that has been definitely settled by a judicial decision."[5] Pruden, 45 Va. App. at 573 n.2, 612 S.E.2d at 742 n.2 (citing Black's Law Dictionary 1336-37 (8th ed. 2004)). "'*[R]es judicata* . . . [rests] upon public policy considerations which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent harassment of parties.' '[T]he doctrine is firmly established in our jurisprudence and should be maintained where applicable.'" Childress v. Beatrice Pocahontas Co., 6 Va. App. 88, 93, 366 S.E.2d 722, 725 (1988) (quoting K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985)).

"The doctrine of *res judicata* is applicable to decisions of deputy commissioners and the full [C]ommission. . . . [and] precludes the re-litigation of a claim or issue once a final determination on the merits has been reached." Pruden, 45 Va. App. at 573, 612 S.E.2d at 742 (quoting Rusty's Welding Serv. Inc., 29 Va. App. at 128, 510 S.E.2d at 259). "Absent fraud or mistake, 'the decisions of the Commission or its deputy commissioners from which no party seeks timely review are binding upon the Commission.'" Id. (quoting K & L Trucking Co., 1 Va. App. at 219, 337 S.E.2d at 302).

"As the party seeking to assert *res judicata*, employer must prove that the [Commission] rendered a final judgment in its favor."[6] Rusty's Welding Serv., Inc., 29 Va. App. at 128, 510

---

[5] The Commission is a quasi-judicial body within its area of jurisdiction. Hudock v. Industrial Commission, 1 Va. App. 474, 481, 340 S.E.2d 168, 172 (1986); see also Code § 65.2-202(A). We have held that the Commission's power "is a concomitant of judicial power, necessary to the proper and effective discharge of its duties." Id.

[6] "A final order is one that disposes of the whole subject, gives all the relief contemplated, and leaves nothing to be done in the cause save to superintend ministerially compliance with the order." Alexander v. Morgan, 19 Va. App. 538, 540, 452 S.E.2d 370, 371 (1995). If an order leaves any "vital questions unsettled" in the matter, it may not be considered final. Allen v. Parkey, 154 Va. 739, 748, 149 S.E. 615, 619 (1930). In short, a "final order" is an order "that is dispositive of the entire case." Order (final order) Black's Law Dictionary (8th ed. 2004).

S.E.2d at 259 (citing Straessle v. Air Line Pilots' Ass'n, Int'l, 253 Va. 349, 353, 485 S.E.2d 387, 389 (1997)). "Generally, a judgment is final for the purposes of *res judicata* when 'nothing more is necessary to settle the rights of the parties or the extent of those rights.'" Id. (quoting 8B Michie's Jurisprudence, Former Adjudication or Res Judicata § 13 (1994)).

To prevail, the party asserting the defense of *res judicata* must establish the presence of the following four elements with respect to claimant's subsequent claim: "(1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made." Smith v. Ware, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992) (quoting Wright v. Castles, 232 Va. 218, 222, 349 S.E.2d 125, 128 (1986); see also Mowry v. City of Virginia Beach, 198 Va. 205, 211, 93 S.E.2d 323, 327 (1956)).

At the time of the September 17, 2012 hearing, claimant's PPD claim was ripe for adjudication. Claimant testified to the facts and circumstances that led to his injuries as well as how his injuries impacted his ability to work. Claimant also testified about his appointments with Dr. Schuler and Dr. Salter. In addition, claimant put forth Dr. Salter's medical evaluation as proof that he suffered an 11% PPD to his left leg. Claimant then submitted his PPD claim to the deputy commissioner for a ruling on the merits.

On September 27, 2012, the deputy commissioner issued an opinion finding in favor of claimant, however on review, the full Commission reversed the deputy commissioner and found that claimant's evidence was insufficient "as a matter of law" to support his claim for PPD benefits. Pursuant to Code § 65.2-706(B),[7] claimant had 30 days from the Commission's July

---

[7] Code § 65.2-706(B) provides:

The notice of appeal [from a decision of the Commission] shall be filed with the clerk of the Commission within 30 days from the

- 12 -

12, 2013 opinion or until August 11, 2013, to file a notice of appeal with the clerk of the Commission and the office of the clerk of the Court of Appeals. Claimant failed to do so. Rather than timely filing a notice of appeal, claimant chose to file an application for hearing on August 7, 2013, in hopes that the Commission would "retain jurisdiction" over his case. Regardless of the Commission's decision or its rationale in denying claimant's August 7, 2013 application,[8] this filing did not constitute a properly-noticed appeal and thus, does not negate the finality of the Commission's July 12, 2013 order. Therefore, pursuant to Code § 65.2-706(B), the Commission's July 12, 2013 opinion became a final order as of August 11, 2013.[9] Alexander v. Morgan, 19 Va. App. 538, 540, 452 S.E.2d 370, 371 (1995).

---

date of such award. A copy of the notice of appeal shall be filed in the office of the clerk of the Court of Appeals as provided in the Rules of Court.

[8] The Commission had the authority and ability to retain jurisdiction over the matter, Brock v. Voith Siemens Hydro Power Generation, 59 Va. App. 39, 48-49, 716 S.E.2d 485, 489 (2011), but chose not to do so having concluded that the Commission's July 12, 2013 opinion was a final order. The deputy commissioner noted in his letter to counsel that claimant:

having failed to produce compelling evidence initially, or to convince the Commission on review that he had done so, the claimant should have yet another opportunity to find evidence necessary to an award on this particular claim and that the Commission should retain jurisdiction while he attempted to do so. There is no legitimate argument for that position.

The full Commission affirmed stating:

We see no corresponding justification for retaining jurisdiction when, during the period of limitations, maximum medical improvement has been reached and the claimant is at liberty to prosecute his claim. Accordingly, we decline to retain jurisdiction in the present case.

[9] Code § 65.2-706; see also, Va. Workers' Comp. Comm'n R. 3.1 ("A request for review of a decision, order or award of the Commission shall be filed by a party in writing with the Clerk of the Commission within thirty (30) days of such decision, order or award."). "Absent fraud or mistake, 'the decisions of the Commission or its deputy commissioners from which no

- 13 -

Claimant now seeks a second hearing for PPD benefits for his left leg as a result of the injuries he sustained on February 20, 2007. On March 12, 2014, claimant filed an application for hearing seeking a ruling by the Commission that he suffers from a 24% PPD of his left leg. The only difference between claimant's first and second claims are the medical reports claimant seeks to introduce as proof of his PPD. Specifically, claimant's second application for hearing seeks to rely on Dr. Jackson's evaluation, as opposed to Dr. Salter's evaluation, to prove that claimant suffered a 24%, as opposed to an 11%, PPD to his left leg. Unfortunately for claimant, his March 12, 2014 claim is barred by *res judicata*.

First, employer has established all four elements of a claim of *res judicata*. Smith, 244 Va. at 376, 421 S.E.2d at 445. Here, claimant fully and fairly litigated his claim for PPD benefits before the Commission on September 17, 2012, and the Commission's opinion became a final order on August 11, 2013. Claimant now seeks to re-litigate the same claim for PPD benefits, seeking the same PPD benefit payments, for the same member, based on the same injuries, which resulted from the same February 20, 2007 incident, against the same employer. Id. Second, "[w]here an application . . . is filed for the sole purpose of presenting additional evidence in support of a claim that has been previously denied, *res judicata* will bar consideration of the claim." Fodi's v. Rutherford, 26 Va. App. 446, 448, 495 S.E.2d 503, 504 (1998) (citing Mize v. Rocky Mount Ready Mix, Inc., 11 Va. App. 601, 401 S.E.2d 200 (1991); AMP, Inc. v. Ruebush, 10 Va. App. 270, 391 S.E.2d 879 (1990)). Here, that is precisely what claimant seeks to do. Claimant initially tried his case using Dr. Salter's evaluation as proof of the 11% PPD to his left leg. Claimant submitted his claim to the Commission, and it was ultimately denied on the merits. Claimant now seeks to re-litigate this very same claim using Dr. Jackson's more

party seeks timely review are binding upon the Commission.'" Pruden, 45 Va. App. at 573, 612 S.E.2d at 742 (quoting K & L Trucking Co., 1 Va. App. at 219, 337 S.E.2d at 302). In this case, the claimant has not alleged, nor do we find evidence of, any fraud or mistake.

- 14 -

favorable medical evaluation in hopes of attaining a more favorable result. Simply stated, claimant seeks a second bite at the apple as a result of his failure to produce sufficient evidence to prove his claim at the September 17, 2012 hearing. This is precisely the type of re-litigation of decided matters that *res judicata* was intended to prevent. Childress, 6 Va. App. at 93, 366 S.E.2d at 725. Because the prerequisites for the application of *res judicata* have been met, claimant's claim is thus precluded.

For these reasons, claimant's March 12, 2014 claim is barred by the doctrine of *res judicata* as it seeks to re-litigate a claim for which the Commission rendered a final determination on the merits. Pruden, 45 Va. App. at 573, 612 S.E.2d at 742.

## II. THE COMMISSION CORRECTLY INTERPRETED ITS FEBRUARY 12, 2014 ORDER AS NOT PRESERVING APPELLANT'S AUGUST 7, 2013 OR MARCH 3, 2012 CLAIM

Claimant next argues that the Commission's July 12, 2013 opinion, which stated that claimant could re-file his claim within the statutory period, as well as its January 13, 2014 letter, which dismissed claimant's August 7, 2013 application without prejudice, implied and caused claimant to detrimentally rely on those orders in his belief that the Commission retained jurisdiction over claimant's PPD claim, thus, entitling him to refile. We disagree.

Courts have the authority to interpret their own orders. Rusty's Welding Serv., Inc., 29 Va. App. at 129, 510 S.E.2d at 260. "[W]hen construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court." Id. "[T]hese principles apply when interpreting the adjudicative orders of an administrative agency." Id. "The [C]ommission's interpretation [of its orders] will be accorded great deference and will not be set aside unless arbitrary or capricious." Id. at 129 n.2, 510 S.E.2d at 260 n.2.

Not all workers' compensation cases can be concluded in a single evidentiary hearing. Brock v. Voith Siemens Hydro Power Generation, 59 Va. App. 39, 48-49, 716 S.E.2d 485, 489

- 15 -

(2011). In certain cases, where an injury is pled, but is not ripe for adjudication, the Commission has tailored the application of *res judicata* to enable a claimant to seek compensation once the injury alleged becomes ripe for litigation. Id. (citing Brown, 34 Va. App. at 280-81, 540 S.E.2d at 524-25). Frequently, the Commission allows "claimants 'to voluntarily withdraw [a] claim before the record has closed and the matter has been submitted to a [d]eputy [c]ommissioner for a decision.'" Id. at 49, 716 S.E.2d at 489 (quoting Jenkins v. Webb, 47 Va. App. 404, 407, 624 S.E.2d 115, 116-17 (2006)). However, when a party submits a claim for determination on the merits, absent a timely request to hold the claim in abeyance or remove the claim from the hearing docket for future evidentiary findings, the party has agreed for the deputy commissioner to determine the merits of the claim. Id.

Claimant argues that retention of jurisdiction over his March 2, 2012 claim is mandated by the deputy commissioner's January 13, 2014 ruling dismissing his second claim without prejudice, as well as the Commission's February 12, 2014 opinion which provided:

> The claimant's August 7, 2013 claim is dismissed without prejudice to his right to re-file his claim within the statutory period. We note that the claimant last received benefits under an award on March 29, 2011, and pursuant to Code § 65.2-708(A), he must file his claim and provide some evidence of permanent partial disability within 36 months from the last date which compensation was paid.

Claimant contends that had the Commission intended for this order to be final, it would not have dismissed his claim without prejudice or noted his right to refile within the statutory limitations.

In its February 12, 2014 opinion the Commission specifically addressed claimant's contention that the Commission had retained jurisdiction over his PPD claim based on the above-cited language. The Commission stated that "[a] claim denied in an Opinion, once final, cannot be revived by an Opinion issued over a year thereafter." It further held that "the subsequently filed August 7, 2013 claim [which] was dismissed without prejudice says nothing

- 16 -

of the status of the March 2, 2012 claim." The Commission noted that it "harbored no intent to resurrect the March 2, 2012 claim" and that even if it had harbored such intention, "it enjoyed no jurisdiction to do so."

This finding is an interpretation by the Commission of its own order. Thus, this Court must give due deference to these findings of the Commission. See Vanzant v. Southern Bending Co., 143 Va. 244, 246, 129 S.E. 268, 268 (1925) (the Commission's factual findings are "conclusive and binding" on appeal); Rusty's Welding Serv., Inc., 29 Va. App. at 130, 510 S.E.2d at 260 ("[W]e hold that the [C]ommission is entitled to interpret its own orders in determining the import of its decisions.").

The Commission also addressed claimant's argument that he was misled by the Commission's previous orders in his understanding that the Commission had retained jurisdiction over his claim. The Commission opined that its July 12, 2013 opinion:

> invites no reliance beyond the right to refile a claim within the statutory period of limitations. It carries no implication the claimant will prevail nor does it relieve him of his burden to introduce competent, preponderating evidence of his entitlement to benefits. Neither does his right to refile impede the right to assert valid defenses including that the specific benefits sought are barred by the doctrine of *res judicata*, collateral estoppel, and well-established principles relating to the finality of judgment.

The Commission determined that its July 12, 2013 opinion was a final order. Having already concluded that the July 12, 2013 opinion was final and that *res judicata* applies, we find that the Commission's determination was not arbitrary and capricious and thus see no reason to disturb the Commission's findings. Rusty's Welding Serv. Inc., 29 Va. App. at 130, 510 S.E.2d at 260-61.

Claimant also contends that the Commission's July 12, 2013 opinion could not have been final because the Commission did not warn claimant that its opinion was a final order barring

future proceedings. In support, claimant relies on Brown, 34 Va. App. 273, 540 S.E.2d 521, where the Court opined that the Commission must warn a claimant when it issues a final order barring future proceedings and that the mere removal of a case from the docket, without a dismissal, is insufficient to meet that standard. We find no legal support for claimant's position. As discussed supra, Brown dealt with a claim for PPD benefits that was not ripe for adjudication because claimant had not established that she had reached maximum medical improvement. Id. at 274, 540 S.E.2d at 522. Here, claimant had reached maximum medical improvement. As such, the Court's rationale in Brown is inapplicable here.

For the foregoing reasons, we find that the Commission's determination that it did not retain jurisdiction over claimant's claim for PPD benefits was not arbitrary and capricious.

III. THE COMMISSION DID NOT ERR IN HOLDING THAT THE EVIDENCE DID NOT SUPPORT A CHANGE IN CONDITION

Claimant next argues that the Commission erred in ruling that he did not prove a change in condition. Specifically, claimant contends that it was error for the Commission not to infer a change in condition based on the difference between Dr. Salter's 11% PPD determination and Dr. Jackson's 24% PPD determination of claimant's left leg. We disagree.

The Commission's decisions regarding permanent impairment and maximum medical improvement are findings of fact. McCaskey v. Patrick Henry Hosp., 225 Va. 413, 415, 304 S.E.2d 1, 2 (1983). The Commission's factual findings will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Appellate courts "do not retry facts before the Commission nor do [they] review the weight, preponderance of the evidence, or the credibility of witnesses." Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983). "The Commission's factual findings are 'conclusive and binding' . . . ." Eccon Constr. Co. v. Lucas, 221 Va. 786, 790, 273 S.E.2d

- 18 -

797, 799 (1981). "If there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by this Court on appeal, even though there is evidence in the record to support contrary findings of fact." Caskey, 225 Va. at 411, 302 S.E.2d at 510-11.

Pursuant to Code § 65.2-708(A), a party may ask the Commission to review any award. Code § 65.2-101 defines a "change in condition" as "a change in the physical condition of the employee as well as a change in the conditions under which compensation was awarded, suspended, or terminated which would affect the right to, amount of, or duration of compensation."

> When an employee applies for reinstatement of disability benefits based upon a change in condition, the [C]ommission must determine: (1) whether a "change in condition" has occurred as defined in Code § 65.2-101, that affects the employee's capacity to work, and (2) if so, whether the change is due to a condition causally connected with the original compensable injury.

Fodi's, 26 Va. App. at 448, 495 S.E.2d at 504 (citing King's Market v. Porter, 227 Va. 478, 483, 317 S.E.2d 146, 148 (1984)). "Where an application for a change in condition is filed for the sole purpose of presenting additional evidence in support of a claim that has previously been denied, *res judicata* will bar reconsideration of the claim." Id. (citing Mize, 11 Va. App. 601, 401 S.E.2d 200; Ruebush, 10 Va. App. 270, 391 S.E.2d 879).

The Commission determined that claimant failed to prove a change in condition. Specifically, the Commission found that "Dr. Jackson [did] not suggest the claimant's condition [had] deteriorated since the time of Dr. Salter's evaluation, which was the subject of the original March 2, 2012 claim." The Commission stated "we cannot speculate that Dr. Jackson's test results represent deterioration in the claimant's condition. . . . Instead, we interpret Dr. Jackson's explanation to suggest that if Dr. Salter had correctly performed such a test, he would have

reached the same conclusions as Dr. Jackson." The Commission further opined that "[t]he greater weight of the evidence reveals two physicians with contrary assessments of a static medical condition litigated at the hearing of [September 17, 2012]." The Commission ultimately found that claimant, through his testimony, "failed to establish a change in condition . . . ."

The evidence supports the Commission's decision. Dr. Jackson's report does not address the issue of claimant's alleged deterioration or change in condition. Specifically, there is no affirmative finding by Dr. Jackson that claimant experienced a change in condition from the time that he met with Dr. Salter to the time he met with Dr. Jackson. Rather, the only finding by Dr. Jackson related to claimant's prior condition is that "[t]here has been no significant improvement in [claimant's] condition." Thus, a re-evaluation of claimant's current condition was essentially a disagreement with Dr. Salter's prior disability rating. This statement is clearly insufficient for this Court to conclude that claimant is entitled to re-litigate his PPD claim based on a change in condition. Code § 65.2-101. Significantly, Dr. Jackson's statements evince that he simply did not agree with Dr. Salter's evaluation of claimant or his medical conclusions; not that claimant had experienced a change in condition. Dr. Jackson stated: "I do not agree with Dr. Salter," "I would have amended Dr. Salter's findings," "Dr. Salter's word choice is 'unfortunate,'" and "I am not sure what [Dr. Salter] means by this . . . ." Simply put, Dr. Jackson's evaluation demonstrates that he merely came to a different conclusion than that of Dr. Salter. Nowhere can it be said that, as required by statute, Dr. Jackson opined on the issue of deterioration or change in condition.

We cannot say that the Commission's factual determinations are not supported by the evidence. While claimant requests that this Court infer a change in condition based on the disparities in Dr. Salter's and Dr. Jackson's medical evaluations, we decline to do so.

CONCLUSION

For the foregoing reasons, the ruling of the Commission is affirmed.

<u>Affirmed</u>.