COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Fulton and White

DMITRY SHVETS

MEMORANDUM OPINION*
v.      Record No. 0048-22-1                                    PER CURIAM
                                                        DECEMBER 29, 2022
MICHELE N. SHVETS

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
L. Wayne Farmer, Judge

(Dmitry Shvets, on briefs), *pro se*.

(F. Nash Bilisoly; W. Thomas Chappell; C. Eric Plumlee; Matthew
C. Wooten; Vandeventer Black LLP; Plumlee, Wooten & Overton,
P.C., on brief), for appellee.


Dmitry Shvets ("husband"),[1] *pro se*, appeals the circuit court's order finding him in

contempt for failure to pay child support and spousal support. Husband argues that the City of

Suffolk Juvenile and Domestic Relations District Court (the "JDR court") and the circuit court

erred by "having a trial" while his appeal of the underlying support matter was pending in this

Court. Alternatively, he argues that the circuit court's March 5, 2021 support order "violated the

Servicemember Civil Relief Act," but if the March 5, 2021 support order "stands, the arrearages

were not owed" until 30 days after the entry of the final order of divorce. Husband further

asserts that the circuit court erred in calculating the amount of spousal support arrearages and

"was misinformed of the arrears in child support." Finally, husband contends that the circuit

court abused its discretion in awarding attorney fees to Michele N. Shvets ("wife"). After

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Although "former husband" and "former wife" would be more precise, we use the less
cumbersome titles in this memorandum opinion for ease of reference.

examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, the circuit court's judgment is affirmed.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)). Here, wife is the prevailing party.

Husband and wife have four children, and on September 25, 2019, the JDR court entered a support order, establishing husband's spousal support and child support obligations. Husband appealed the JDR court's ruling to the circuit court. While the appeal of the JDR court's order was pending in the circuit court, wife moved for a show-cause summons or capias, alleging that husband was in arrears for his support obligations.

On March 5, 2021, the circuit court entered a "Consent Support Order," establishing husband's spousal support and child support obligations.[2] Husband subsequently appealed the "Consent Support Order" to this Court, which summarily affirmed the circuit court's judgment. *See Shvets v. Shvets*, No. 0336-21-1 (Va. Ct. App. Nov. 30, 2021).

While the appeal of the "Consent Support Order" was pending in this Court, the JDR court held a hearing on wife's motion for show cause and found husband in contempt for violating the

---

[2] The order also stated that husband "acknowledges he has arrearages in spousal support and child support through January 31, 2021 as calculated by the Division of Child Support Enforcement (DCSE)."

support order.[3] The JDR court determined the arrearages owed for spousal support and child support and sentenced husband to a jail term with a purge clause. Husband appealed the JDR court's rulings.

On November 23, 2021, the parties appeared before the circuit court. The record does not include a transcript of the hearing. Husband subsequently moved to reconsider the circuit court's ruling, which the circuit court denied. Husband then filed an amended motion to reconsider, which the circuit court also denied. On December 28, 2021, the circuit court entered an order finding husband in contempt for failing to pay child support and spousal support "as ordered by the Suffolk Juvenile and Domestic Relations District Court on September 25, 2019, and as ordered by the Suffolk Circuit Court on March 5, 2021." The circuit court found that husband's child support arrearage totaled $1,396.48, including interest as of November 23, 2021, and his spousal support arrearage totaled $10,744.03, including interest as of November 23, 2021. For each of his contempt violations, the circuit court sentenced husband to incarceration for 90 days but suspended all the time, conditioned on his "strict compliance" with the March 5, 2021 support order. The circuit court also ordered husband to pay $3,775 for wife's attorney fees. This appeal followed.

## ANALYSIS

On appeal, husband challenges the circuit court's contempt order.[4] To the extent that husband also challenges the "Consent Support Order" from March 5, 2021, that order is final

---

[3] A court's authority to enforce a support order continues despite the order being appealed. *See* Code § 20-68; *Decker v. Decker*, 17 Va. App. 562, 564 (1994) ("This Court acquired jurisdiction when [appellant's] appeal was filed and docketed in the clerk's office of the Court of Appeals. Thus, while the trial court may enforce a support and custody order, it may not modify such order without leave of court.").

[4] In the argument section of his opening brief, husband asserts that the "[a]ppeal should be granted on the grounds [he] was not willfully not paying his legal support orders." "Rule 5A:20(c) requires us to hold that this issue is waived because it is not part of appellant's assignment of error." *Fox v. Fox*, 61 Va. App. 185, 202 (2012).

following our ruling in *Shvets*, No. 0336-21-1. *See* Rule 1:1(a). Any further attack on the "Consent Support Order" is barred by res judicata, which includes "[t]wo distinct concepts—issue preclusion and claim preclusion." *Cnty. of Henrico v. O'Neil*, 75 Va. App. 312, 322 (2022) (alteration in original) (quoting *Brock v. Voith Siemens Hydro Power Generation*, 59 Va. App. 39, 45 (2011)). "Issue preclusion, also referred to as 'collateral estoppel,' precludes the same parties from re-litigating 'any issue of fact actually litigated and essential to a valid and final personal judgment in the first action.'" *Id.* (quoting *Brock*, 59 Va. App. at 45). "In contrast, claim preclusion precludes a party from continuing to litigate claims stemming from the same cause of action against the same party." *Id.* Accordingly, we cannot consider husband's repeated arguments about the "Consent Support Order."

Husband also argues that the circuit court erred in calculating his arrears and awarding wife her attorney fees. As noted above, the record does not include a transcript of the November 23, 2021 circuit court hearing. Although husband filed a written statement of facts in lieu of a transcript, he failed to comply with the notice requirements of Rule 5A:8(c).[5] Accordingly, the circuit court did not sign the written statement of facts in lieu of a transcript. The circuit court also found after a "cursory review of the document" that it appeared "to be nothing more than a restatement of arguments previously presented by Mr. Shvets and not a statement of the facts and testimony provided at the hearing in this matter." Thus, the proffered written statement of facts in lieu of transcript is not part of the record on appeal. *See* Rule 5A:8(c).

"On appeal, we presume the judgment of the trial court is correct . . . ." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the

---

[5] The written statement of facts in lieu of a transcript must be filed in the clerk's office of the trial court within 60 days after entry of the final order, and a copy shall be sent to opposing counsel with a "notice that such statement will be presented to the trial judge no earlier than 15 days nor later than 20 days after such filing." Rule 5A:8(c).

appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). "Even *pro se* litigants must comply with the rules of court." *Francis v. Francis*, 30 Va. App. 584, 591 (1999).

Husband argues that the circuit court erred in calculating his arrears, including the starting date of his support obligations, and awarding attorney fees. In support of his position, husband relies on the evidence and arguments presented at the November 23, 2021 hearing.

With no record of the arguments husband made or the positions he took (or possibly abandoned) at the November 23, 2021 hearing, we cannot know whether he presented the specific arguments he advances on appeal to the circuit court or if his appellate argument repudiates a position that he may have taken in the circuit court, let alone whether the circuit court abused its discretion as he claims. *See* Rule 5A:18 (requiring that an appellate court consider only arguments that were timely raised in the trial court); *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent positions during the course of litigation).

We conclude that the transcript, or a written statement of facts in lieu of a transcript, from the November 23, 2021 hearing is indispensable to a determination of husband's assignments of error addressing the arrearage calculations and attorney fees. *See Bay*, 60 Va. App. at 528-29; *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009); *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986). Accordingly, these arguments are waived. Rule 5A:8(b)(4)(ii).

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*